<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

_____ District of <u>Delaware</u>
                              (State)

Case number (*If known*): _____ Chapter <u>11</u>

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| **1. Debtor's name** | ONE Aviation Corporation |

| | |
|---|---|
| **2. All other names debtor used in the last 8 years** | |
| Include any assumed names, trade names, and *doing business as* names | |

| | |
|---|---|
| **3. Debtor's federal Employer Identification Number** (EIN) | <u>4</u> <u>7</u> – <u>3</u> <u>9</u> <u>2</u> <u>9</u> <u>6</u> <u>4</u> <u>9</u> |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 3250 Spirit Drive SE | |
| Number         Street | Number         Street |
| | P.O. Box |
| Albuquerque          NM          87106 | |
| City          State          ZIP Code | City          State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Bernalillo County | |
| County | Number         Street |
| | |
| | City          State          ZIP Code |

| | |
|---|---|
| **5. Debtor's website (URL)** | www.oneaviation.aero |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

01:23222598.6

| Debtor | ONE Aviation Corporation | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_4_ _8_ _8_ _1_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

District _____  When _____  Case number _____
                                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor **See Attached Schedule 1**                    Relationship Affiliate _____

District Delaware _____                    When _____
                                                            MM / DD / YYYY

Case number, if known _____

01:23222598.6

| Debtor | ONE Aviation Corporation | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____

Number        Street

_____

_____

City                                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[2]**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets[3]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

1    The debtor and its affiliates design, develop, manufacture, and market aircraft in the United States and internationally.  The debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, but the debtor mentions the nature of its business here out of an abundance of caution.

2    On a consolidated basis.

3    On a consolidated basis.

01:23222598.6

Debtor    ONE Aviation Corporation _____    Case number (*if known*) _____
          Name

**16. Estimated liabilities** [4]

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    October 9, 2018
               MM / DD / YYYY

✗ /s/ Alan Klapmeier _____          Alan Klapmeier _____
Signature of authorized representative of debtor       Printed name

CEO _____
Title

**18. Signature of attorney**

✗ /s/ Sean M. Beach _____          Date October 9, 2018
Signature of attorney for debtor                      MM / DD / YYYY

Sean M. Beach _____
Printed name

Young Conaway Stargatt & Taylor, LLP _____
Firm name

Rodney Square, 1000 North King Street _____
Number       Street

Wilmington _____          Delaware          19801
City                                         State             ZIP Code

302.571.6621 _____          sbeach@ycst.com
Contact phone                                 Email address

4070 _____          DE
Bar number                            State

---

[4]    On a consolidated basis.

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 4

## <u>SCHEDULE 1 TO PETITION</u>

**Pending Bankruptcy Cases in the District of Delaware**
**<u>Filed by the Debtor and Affiliates of the Debtor</u>**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  A motion has been filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of ONE Aviation Corporation.

1.    ACC Manufacturing, Inc.
2.    Aircraft Design Company
3.    Brigadoon Aircraft Maintenance, LLC
4.    DR Management, LLC
5.    Eclipse Aerospace, Inc.
6.    Innovatus Holding Company
7.    Kestrel Aircraft Company, Inc.
8.    Kestrel Brunswick Corporation
9.    Kestrel Manufacturing, LLC
10.   Kestrel Tooling Company
11.   OAC Management, Inc.
12.   ONE Aviation Corporation

## OMNIBUS WRITTEN CONSENT

Effective as of this 9th day of October, 2018, the undersigned members constituting all of the votes entitled to be cast by the members of the board of directors, members of the board of managers, individual managers, sole managers and sole members (collectively, the "Board"), as applicable, of ONE Aviation Corporation (the "Company") and the Company's direct and indirect subsidiaries listed on **Schedule I** hereto (such subsidiaries, collectively, the "Company Subsidiaries" and, collectively with the Company, the "Companies") hereby take the following actions and adopt the following resolutions by written consent pursuant to each of the Companies' bylaws or limited liability company agreement, as applicable, and the applicable laws of the jurisdiction in which such Companies are organized. The undersigned, being all of the members of the Board of the Companies do hereby waive the calling, notice and holding of a special meeting of the Board and after full consideration, hereby consent to and adopt the following resolutions by giving their express written consent thereto:

WHEREAS, the Board is contemplating, after consultation with management and the legal and financial advisors of the Companies, authorizing the Company and the Company Subsidiaries to file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (such filings, collectively, the "Chapter 11 Case"), in a Bankruptcy Court of the United States, in such venue as may be determined by the Company and the Company Subsidiaries, as applicable (the "Bankruptcy Court");

WHEREAS, the Board has had multiple meetings with the Companies' management as well as the Companies' legal and financial advisors and the Board had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors regarding the distressed situation at the Companies, the liabilities and liquidity of the Companies, the strategic alternatives available to the Companies, the impact of the foregoing on the Companies' businesses, and the potential for and likelihood of the creditors of the Companies exercising available remedies pursuant to such creditors' loan and other agreements;

WHEREAS, the Board has consulted with management and the financial and legal advisors of the Companies and fully evaluated each of the strategic alternatives available to the Companies and determined that the Company and Company Subsidiaries shall voluntarily file the Chapter 11 Case in the Bankruptcy Court; and

WHEREAS, the Board desires to approve the following resolutions.

### COMMENCEMENT OF CHAPTER 11 CASE

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the respective Board or governing body of each Company, it is desirable and in the best interest of the Company and the Company Subsidiaries, their creditors, equity holders, employees, and other interested parties that each Company voluntarily file the Chapter 11 Case seeking relief under the Bankruptcy Code;

FURTHER RESOLVED, that Alan Klapmeier and Michael Wyse (each, an "Authorized Signatory") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Companies, and under corporate

seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court;

**FURTHER RESOLVED**, that a committee (the "Special Committee") is formed as a special committee of each of the Companies to take and perform any and all acts and deeds which both members of the Special Committee deem necessary, proper, or desirable in connection with the Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, and employing and retaining all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, with a view to the successful prosecution of the Chapter 11 Case;

**FURTHER RESOLVED**, that Jonathan Dwight and Michael Wyse be, and each hereby is, appointed as the members of the Special Committee and each is, acting singly or jointly, authorized, empowered and directed to take and perform any and all further acts and deeds which the Special Committee deem necessary, proper, or desirable in connection with the Chapter 11 Case (each, an "Authorized Representative");

**FURTHER RESOLVED**, that the full power, authority and discretion of the Special Committee with regard to the Chapter 11 Case be, and it hereby is, delegated to the Special Committee and that any act approved by both members of the Special Committee shall be the act of the Board;

**RETENTION OF ADVISORS**

**FURTHER RESOLVED**, that the Companies are hereby authorized to employ the law firm of Paul Hastings LLP, 71 South Wacker Drive, 45th Floor, Chicago, Illinois 60606, to render legal services to, and to represent, the Companies in the Chapter 11 Case and in any and all related proceedings, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the Companies are hereby authorized to employ the law firm of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, as local Delaware counsel, to render legal services to, and to represent, the Companies in the Chapter 11 Case and in any and all related proceedings, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the Companies are hereby authorized to employ Ernst & Young LLP, 5 Times Square, New York, New York 10036, as financial advisor to the Companies in connection with the Chapter 11 Case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the Companies are hereby authorized to employ Duff & Phelps Securities, LLC, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067, as investment banker for the Companies in connection with the Chapter 11 Case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the Companies are hereby authorized to employ Epiq Corporate Restructuring, LLC, 777 Third Ave., 12th Floor, New York, New York 10017, as claims and

noticing agent for the Companies in connection with its Chapter 11 Case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the Special Committee is hereby authorized, empowered and directed to retain on behalf of the Companies such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Companies in connection with the Chapter 11 Case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required;

### AUTHORIZATION TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT

**FURTHER RESOLVED**, each Authorized Representative is hereby authorized and empowered in the name and on behalf of the applicable Companies, to cause the applicable Companies to enter into, execute, deliver, certify, file and/or record and perform a restructuring support agreement ("RSA"), including an initial term sheet and any other related documents, by and among the Company, the Company Subsidiaries and certain of the Companies' creditors, and such other documents, agreements, instruments and certificates as may be required by the RSA, the form, terms, and provisions of which as may be determined by the Board, which, is anticipated to be implemented through a joint prepackaged plan of reorganization (the "Prepackaged Plan") pursuant to the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, the applicable Companies are hereby authorized to commence the process of soliciting votes for the Prepackaged Plan (the "Solicitation") including the distribution of the related materials, including but not limited to the Prepackaged Plan and any related disclosure statement required by the Prepackaged Plan (the "Solicitation Materials");

**FURTHER RESOLVED**, that the Special Committee is hereby authorized to determine the form, terms and provisions of the Solicitation Materials (which determination shall be conclusively evidenced by the Special Committee's or Authorized Representative's execution and delivery thereof), and that the execution and delivery on the applicable Companies' behalf of the Solicitation Materials by the Special Committee or any such Authorized Representative is hereby ratified, confirmed, and approved;

**FURTHER RESOLVED**, that the Special Committee is hereby authorized, empowered, and directed, in the name and on behalf of the applicable Companies, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Prepackaged Plan, which shall, in the Special Committee's sole judgment, be necessary, proper or advisable to perform the applicable Companies' obligations under or in connection with the RSA, the Solicitation and any and all transactions contemplated by the Prepackaged Plan and to carry out fully the intent of the foregoing resolutions;

### DEBTOR-IN-POSSESSION FINANCING

**FURTHER RESOLVED**, that in connection with the Company's and the Company Subsidiaries' Chapter 11 Case, the Special Committee is hereby authorized to enter into negotiations with certain financial institutions or other lender parties, as determined and approved by the Special Committee, to provide a debtor-in-possession loan credit facility and to cause the applicable

Companies to enter into, execute, deliver, certify, file and/or record and perform a related credit agreement (together with the exhibits and schedules thereto, the "DIP Credit Agreement") by and among the applicable Companies, each other obligor from time to time party thereto, the lenders from time to time party thereto (the "DIP Lenders"), and any agent for the DIP Lenders (in such capacity and together with its successors, the "DIP Agent"), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the applicable Companies (the "DIP Financing");

FURTHER RESOLVED, that it is in the best interest of the applicable Companies to engage in, the applicable Companies will obtain benefits from, and the applicable Companies are hereby authorized to incur the obligations and undertake any and all related transactions contemplated under, the DIP Financing, including the granting of security interests thereunder;

FURTHER RESOLVED, that the DIP Credit Agreement, the form and terms and provisions of which as may be determined by the Special Committee, and any and all of the other agreements, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Financing and the applicable Companies' performance of its obligations thereunder, including the borrowings, the granting of security interests and guarantees contemplated thereunder, are hereby in all respects confirmed, ratified and approved;

FURTHER RESOLVED, that the Special Committee is hereby authorized to grant security interests in, and liens on, any and all property of the applicable Companies as collateral pursuant to the DIP Credit Agreement to secure all of the obligations and liabilities of the applicable Companies thereunder to the DIP Lenders and the DIP Agent, and to authorize, execute, verify, file and/or deliver to the DIP Agent, on behalf of the applicable Companies, all agreements, documents and instruments required by the DIP Lenders, in connection with the foregoing;

FURTHER RESOLVED, that the Special Committee is hereby authorized, empowered, and directed, in the name and on behalf of the applicable Companies, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing documents, which shall, in the Special Committee's sole judgment, be necessary, proper or advisable to perform the applicable Companies' obligations under or in connection with the DIP Credit Agreement or any of the other DIP Financing documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

FURTHER RESOLVED, that the Special Committee be, and it hereby is, authorized and directed to issue, or cause to be issued, a press release announcing the Chapter 11 Case, the Prepackaged Plan, the DIP Financing and all other press releases pertaining to the Chapter 11 Case.

SUBSIDIARY APPROVALS

FURTHER RESOLVED, that in the judgment of the Board, it is desirable and in the best interest of the Company Subsidiaries for such entity or entities to take any and all action, including authorizing the Chapter 11 Case, and to execute and deliver all documents, agreements, motions and pleadings as are necessary, proper or desirable to enable such subsidiary to carry out the Chapter 11 Case contemplated hereby, including granting any director, officer or other

authorized representative as applicable according to local law, the authority to take action in support thereof;

**GENERAL AUTHORIZATION AND RATIFICATION OF PAST ACTIONS**

**FURTHER RESOLVED**, that any Authorized Representative is authorized, in the name and on behalf of the Companies, to do and perform, or cause to be done and performed, any and all such acts, deeds and things, to make, execute and deliver, or cause to be made, executed and delivered, any and all documents and to take any and all actions as may be necessary or in their opinion desirable to implement or carry into effect the intent and purpose of (a) the foregoing resolutions, or (b) any other action on behalf of the Companies in furtherance of, or related to, the obligations listed herein, including, without limitation, executing and delivering, and causing the performance by the Companies of its obligations under, any agreement or document referred to herein; and the execution by any Authorized Representative of any such document or the taking of any such other action by or at the direction of any Authorized Representative shall conclusively establish and evidence (i) their making any determination required by the foregoing resolutions as to the necessity or advisability of any particular agreement or action and (ii) their authority therefor; and

**FURTHER RESOLVED**, that any and all actions taken by any Authorized Representative prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Companies.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of directors of the Companies listed on Exhibit A*

*[Signature Page to the Omnibus Written Consent – Chapter 11 Filing]*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of directors of the Companies listed on Exhibit A*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of directors of the Companies listed on Exhibit A*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of directors of the Companies listed on Exhibit A*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of managers of the Companies listed on Exhibit B*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

Name: Jonathan Dwight

Name: Alan Klapmeier

Name: Kevin Gould

Name: RJ Siegel

Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of managers of the Companies listed on Exhibit B*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of managers of the Companies listed on Exhibit B*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

_____
Name: Jonathan Dwight

_____
Name: Alan Klapmeier

_____
Name: Kevin Gould

_____
Name: RJ Siegel

_____
Name: Michael Wyse

*Being all of the votes entitled to be cast by members of the board of managers of the Companies listed on Exhibit B*

IN WITNESS WHEREOF, the undersigned have adopted this Written Consent as of the date first written above.

ECLIPSE AEROSPACE, INC.

Name: Alan Klapmeier
Title: Authorized Signatory

*Being all of the votes entitled to be cast by the sole member*
*of the Companies listed on Exhibit C*

**Exhibit A**

| Company | Board Members |
|---|---|
| ACC Manufacturing, Inc. | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| Aircraft Design Company | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| Eclipse Aerospace, Inc. | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| Kestrel Aircraft Company, Inc. | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| Kestrel Brunswick Corporation | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| Kestrel Tooling Company | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| Innovatus Holding Company | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| OAC Management, Inc. | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |
| ONE Aviation Corporation | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |

**Exhibit B**

| Company | Board Members |
|---|---|
| DR Management, LLC | Jon Dwight; Alan Klapmeier; Kevin Gould; RJ Siegel; Michael Wyse |

**Exhibit C**

| Company | Sole Member |
|---|---|
| Brigadoon Aircraft Maintenance, LLC | Eclipse Aerospace, Inc. |

## Schedule I

1.     ACC Manufacturing, Inc.
2.     Aircraft Design Company
3.     Brigadoon Aircraft Maintenance, LLC
4.     DR Management, LLC
5.     Eclipse Aerospace, Inc.
6.     Innovatus Holding Company
7.     Kestrel Aircraft Company, Inc.
8.     Kestrel Brunswick Corporation
9.     Kestrel Manufacturing, LLC
10.    Kestrel Tooling Company
11.    OAC Management, Inc.

<table>
<tr><td colspan="2">Fill in this information to Identify the case:</td></tr>
</table>

Debtor Name:   ONE Aviation Corporation, et al.

United States Bankruptcy Court for the:     District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders [1]

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ALFRED E. MANN 25134 RYE CANYON LOOP VALENCIA, CA  91355 | CONTACT: ALFRED MANN AMann@aemf.org | SUBORDINATED UNSECURED NOTE DUE 2017 | | | | $6,482,778.71 |
| 2 | HOLLAND FAMILY TRUST 125 FAIRCHILD STREET, SUITE 100 CHARLESTON, SC  29492 | CONTACT: MASON HOLLAND mason.holland@hollandplane.net | UNSECURED AND SUBORDINATED NOTE SERIES A-5 | | | | $4,177,629.91 |
| 3 | SIKORSKY AIRCRAFT CORPORATION 6900 MAIN STREET STRATFORD, CT  06615 | CONTACT: PETER GUTERMANN peter.gutermann@sikorsky.com | UNSECURED AND SUBORDINATED NOTE SERIES A-5 | | | | $4,174,952.29 |
| 4 | ALFRED E. MANN LIVING TRUST 25134 RYE CANYON LOOP VALENCIA, CA  91355 | CONTACT: ALFRED MANN AMann@aemf.org | UNSECURED AND SUBORDINATED NOTE SERIES A-5 | | | | $4,169,597.04 |
| 5 | REDEVELOPMENT AUTHORITY OF THE CITY OF SUPERIOR 1316 NORTH 14TH STREET SUPERIOR, WI  54880 | CONTACT: LINDA K. TAYLOR/ROBERT KANUIT/CITY TREASURER PHONE: 218-725-6872/218-725-6836 ltaylor@fryberger.com; rkanuit@fryberger.com | UNSECURED NOTE | | | | $1,721,935.00 |
| 6 | POLSKIE ZAKLADY LOTNICZE SP WOJSKA POLSKIEGO 3 MIELEC  39-300 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 0048-17-788-7921 | UNSECURED NOTE | | | | $1,575,468.03 |

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

**Debtor:** ONE Aviation Corporation                                     Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | MIDCOAST REGIONAL REDEVELOPMENT AUTHORITY C/O DRUMMOND WOODSUM 84 MARGINAL WAY, STE 600 PORTLAND, ME 04101 | CONTACT: TIMOTHY E. STEIGELMAN PHONE: 207-772-1941 tsteigelman@dwmlaw.com | LITIGATION | Contingent and Disputed | | | $1,045,714.93 |
| 8 | CISCO SYSTEM CAPITAL CORPORATION 3675 CISCO WAY SAN JOSE, CA 95134 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 800-553-6387 FAX: 408-526-4100. atty@bbslaw.com | IT SERVICES | | | | $609,161.55 |
| 9 | DOUGLAS COUNTY REVOLVING LOAN FUND, INC. 1401 TOWER AVENUE, SUITE 302 SUPERIOR, WI 54880 | CONTACT: JOSEPH J TILL III/COUNTY TREASURER PHONE: 715-394-4441 jtill@clearwire.net | UNSECURED NOTE | Contingent and Disputed | | | $479,421.00 |
| 10 | HENRY ORLOSKY & KATHERYN ORLOSKY C/O WILLOUGHBY & HOEFER, P.A. 930 RICHLAND STREET COLUMBIA, SC 29201 | CONTACT: ELIZABETH ZECK PHONE: 803-252-3300 FAX: 803-771-2410 | LITIGATION | Contingent and Disputed | | | $414,121.49 |
| 11 | FREDRIKSON & BYRON - KAC 200 SOUTH 6TH ST #4000 MINNEAPOLIS , MN 55402 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 612-492-7000 FAX: 612-492-7077 jkoneck@fredlaw.com | PROFESSIONAL SERVICES | | | | $366,536.88 |
| 12 | MIKE PRESS PO BOX 5227 ST ALBANS, MO 63073 | CONTACT: MIKE PRESS PHONE: 314-277-6890 | TRADE VENDOR | | | | $341,900.00 |
| 13 | KLUNE INDUSTRIES, UTAH DIVISION 1800 NORTH 300 WEST SPANISH FORK, UT 84660 | CONTACT: BOB BALLANTYNE PHONE: 801-636-9953 bbballantyne@pccaero.com | LITIGATION | Contingent and Disputed | | | $338,000.00 |
| 14 | BLUE CROSS BLUE SHIELD OF NM 4411 THE 25 WAY ALBUQUERQUE, NM 87109 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 505-816-4000 FAX: 505-816-3608 | BENEFIT PROVIDER | | | | $331,507.31 |
| 15 | BERNALILO COUNTY TREASURER ONE CIVIC PLAZA NW, BASEMENT ALBUQUERQUE, NM 87102 | FAX: (505) 462-9768 Treasurers@bernco.gov | TAXING AUTHORITY | | | | $314,233.00 |
| 16 | FINCHAM MOBILE STORAGE 5601 WILSHIRE N.E. ALBUQUERQUE, NM 87113 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 505-821-1666 office@finchammobilestorage.com | TRADE VENDOR | | | | $270,957.76 |
| 17 | MECAER AMERICA, INC. 5555 WILLIAM-PRICE LAVAL, QUEBEC H7L 6C4 CANADA | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 450-682-7117 FAX: 450-682-8152 | TRADE VENDOR | | | | $257,037.58 |

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Debtor: ONE Aviation Corporation

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | ZODIAC AEROSAFETY SYSTEMS 4 RUE LESAGE MAILLE  CAUDEBEC LES ELBEUF  76320  FRANCE | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: +33 2 32 96 56 00 FAX: +33 2 32 96 59 33 | TRADE VENDOR | | | | $248,604.00 |
| 19 | PRATT & WHITNEY CANADA 1000 MARIE-VICTORIN (01BO5) LONGUEUIL, QUEBEC  J4G 1A1 CANADA | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 450-677-9411 Paula.Pedersen@pwc.ca | TRADE VENDOR | | | | $222,198.14 |
| 20 | TRAVERSE LLC PO BOX 4187 MISSION VIEJO, CA  92690 | CONTACT: KIERAN MCGARRELL PHONE: 949-230-6993 | PROFESSIONAL SERVICES | | | | $214,238.16 |
| 21 | TRIUMPH AEROSPACE SYSTEMS 899 CASSATT ROAD #210 BERWYN, PA  19312 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 610-251-1000 AHarper@triumphgroup.com | TRADE VENDOR | | | | $209,742.50 |
| 22 | WILKERSON GUTHMANN 1210 W COUNTRY ROAD E, STE 100 ARDEN HILLS, MN  55112 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 651-222-1801 info@wilkersoncpa.com | AUDITOR | | | | $196,435.00 |
| 23 | FARNBOROUGH AIRCRAFT FARNBOROUGH AIRPORT HAMPSHIRE  GU14 6XA  UNITED KINGDOM | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: +44 0 1252 377234 info@tagaviation.com | TRADE VENDOR | | | | $192,000.00 |
| 24 | HESSON & BIRTCH, LLC 244 E DOTY AVE NEENAH, WI  54956 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 920-729-0303 heslaw@heslaw.com | LEGAL ADVISOR | | | | $163,654.24 |
| 25 | GUGGENHEIM PARTNERS 330 MADISON AVE NEW YORK, NY  10017 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 212-739-0700 PR@GuggenheimPartners.com | INVESTMENT BANKER | | | | $150,000.00 |
| 26 | SIERRACIN/SYLMAR CORP (PPG) 12780 SAN FERNANDO ROAD SYLMAR, CA  91342 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 818-362-6711 silvey@ppg.com | TRADE VENDOR | | | | $148,536.00 |
| 27 | MERLIN PARTNERS, LLC 1900 NE 3RD ST  #106-349 BEND, OR  97701 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 541-419-8708 Jk@thundercreekUSA.com | TRADE VENDOR | | | | $138,000.00 |

1  On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Official Form 204        **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims**        Page 3

Debtor: ONE Aviation Corporation

Case Number (if known): _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  CURTISS-WRIGHT CONTROLS 28965 AVENUE PENN SANTA CLARITA, CA  91355 | CONTACT: GENERAL COUNSEL OR CHIEF FINANCIAL OFFICER PHONE: 661-257-4430 FAX: 661-257-4782 ds@curtisswright.com | TRADE VENDOR | | | | $137,511.00 |
| 29  KENNETH ROSS 49 PARK LANE GOLF, IL  60029 | CONTACT: KENNETH ROSS PHONE: 847-980-8620 ken.ross@najet.net | LITIGATION | CUD | | | Undetermined |
| 30  LIVING BENEFITS ASSET MANAGEMENT, LLC C/O H. JOSEPH ACOSTA FISHERBROYLES, LLP 4514 COLE AVE, STE 600 DALLAS, TX  75205 | CONTACT: H. JOSEPH ACOSTA PHONE: 214-614-8939 FAX: 214-614-8992 joseph.acosta@fisherbroyles.com | LITIGATION | CUD | | | Undetermined |

---

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                    :

In re:                            :       **Chapter 11**

                                      :

**ONE AVIATION CORPORATION,** *et al.*,[1]  :     **Case No. 18-_____ (____)**

                                      :

            **Debtors.**              :       **Joint Administration Requested**

                                      :
-------------------------------------------------------------x

### LIST OF EQUITY SECURITY HOLDERS PURSUANT TO RULE 1007(a)(3)
### OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, ONE

Aviation Corporation lists below its respective equity security holders as of the date hereof.

| Debtor | Equity Holder | Equity Holder Address | Approximate Percentage Equity Held |
|---|---|---|---|
| ONE Aviation Corporation | Alfred E. Mann Living Trust | 25134 Rye Canyon Loop Valencia, CA 29492 | 10.53% |
| ONE Aviation Corporation | Kestrel Voting Trust | 25134 Rye Canyon Loop Valencia, CA 29492 | 8.29% |
| ONE Aviation Corporation | Brunswick Aerospace, LLC | 84 Marginal Way, Suite 600 Portland, ME 04101 | 5.30% |
| ONE Aviation Corporation | Global Eclipse, LLC | Kirazlitepe Mah Bogazici CAD 22, D:5 Cangelkoy Istanbul Turkey | 5.29% |
| ONE Aviation Corporation | James H. Clutter | 10690 Stroup Road Roswell, GA 30075 | 5.44% |
| ONE Aviation Corporation | Alan Klapmeier | 3557 Nelson Road Cloquet, MN 55720 | 2.36% |

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986).  The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

| | | | |
|---|---|---|---|
| ONE Aviation Corporation | Edward L. Underwood | 11 Sugar Beach Drive Santa Rosa Beach, FL 32459 | 2.55% |
| ONE Aviation Corporation | Edward L. Underwood, Jr. | 11 Sugar Beach Drive Santa Rosa Beach, FL 32459 | 0.41% |
| ONE Aviation Corporation | Eden L. Sharp | 11 Sugar Beach Drive Santa Rosa Beach, FL 32459 | 0.20% |
| ONE Aviation Corporation | Peter Thomas Sharp | 11 Sugar Beach Drive Santa Rosa Beach, FL 32459 | 0.20% |
| ONE Aviation Corporation | Toni F. Underwood | 11 Sugar Beach Drive Santa Rosa Beach, FL 32459 | 0.51% |
| ONE Aviation Corporation | William James Sharp | 11 Sugar Beach Drive Santa Rosa Beach, FL 32459 | 0.20% |
| ONE Aviation Corporation | Steven & Alrene Serfling | 5965 N Pike Lake Road Duluth, MN 55811 | 1.72% |
| ONE Aviation Corporation | Steven Serfling as agent for Heather Williams | 5965 N Pike Lake Road Duluth, MN 55811 | 0.27% |
| ONE Aviation Corporation | Steven Serfling as agent for Kevin Serfling | 5965 N Pike Lake Road Duluth, MN 55811 | 0.27% |
| ONE Aviation Corporation | Steven Serfling as agent for Weston Williams | 5965 N Pike Lake Road Duluth, MN 55811 | 0.20% |
| ONE Aviation Corporation | RJ Siegel | 3250 Spirit Drive SE Albuquerque, NM 87106 | 0.51% |
| ONE Aviation Corporation | Mikael Via | 20 Encino Ave Camarillo, CA 93010 | 0.61% |
| ONE Aviation Corporation | Edward M. Lundeen | 1004 Novak Lane NW Albuquerque, NM 87114  -and-  c/o RMC Lawyers, P.A. Attn Shari L Cordova/Brian Vogler 316 Osuna Rd. NE., Unit 201 Albuquerque, NM 87107 | 1.18% |

| ONE Aviation Corporation | Michael Press Rev Trust | PO Box 5227<br>St Albans, MO 63073 | 2.63% |
| --- | --- | --- | --- |
| ONE Aviation Corporation | Kenneth Ross | 49 Park Lane<br>Golf, IL 60029 | 1.32% |
| ONE Aviation Corporation | Cary A. Winter | 2015 Wicklow Road<br>Naperville, IL 60564 | 1.18% |
| ONE Aviation Corporation | Holland Family Trust | c/o Mason Holland, Trustee<br>125 Fairchild Street, Suite 100<br>Charleston, SC 29492<br><br>-and-<br><br>186 Seven Farms Drive<br>Daniel Island, SC 29492 | 23.65% |
| ONE Aviation Corporation | Zhejiang Jinggong Holding Co., Ltd. | 19th Floor, Jinggong Plaza No. 112 Jinkequiao Road, Keqiao District, Shaoxing City, Zhejiang Province, China | 25.17% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                         :
In re:                                   :   Chapter 11
                                         :
ONE AVIATION CORPORATION, et al.,¹       :   Case No. 18-_____ (____)
                                         :
              Debtors.                   :   Joint Administration Requested
                                         :
------------------------------------------------------------x
```

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 1007(a)(1)
### OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, ONE

Aviation Corporation and its affiliated debtors as debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "Debtors"), respectfully represent as follows:

1.      Debtor ONE Aviation Corporation ("OAC") is the corporate parent of each of the other Debtors in the above-captioned Chapter 11 Cases and directly or indirectly owns a 100% interest in all of the other Debtors except for Kestrel Aircraft Company, Inc. ("Kestrel Aircraft"), where OAC indirectly owns a 90.60% interest and three third-party shareholders directly own a combined 9.40% interest. Kestrel Aircraft directly or indirectly owns a 100% interest in DR Management, LLC, Kestrel Brunswick Corporation, Kestrel Manufacturing, LLC, and Kestrel Tooling Company.

2.      None of the Debtors' equity securities are publicly held.

Attached hereto as **Exhibit A** is an organizational chart illustrating the Debtors' corporate

structure and respective equity interests.

---

¹    The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986).  The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

# **EXHIBIT A**

## **Organizational Chart**

ONE Aviation Corporation Organizational Chart



**Legend**
1.  Each entity is owned 100% by its parent,
    unless indicated otherwise

Fill in this information to identify the case and this filing:

Debtor Name   ONE Aviation Corporation, et al.[1]

United States Bankruptcy Court for the:                District of  Delaware
                                                                              (State)

Case number *(If known)*:

Modified Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Modified Official Form 204)

☒   Other document that requires a declaration:  Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     October 9, 2018                    ✗  */s/ Alan Klapmeier*
                      MM / DD / YYYY                         Signature of individual signing on behalf of debtor


                                                                   Alan Klapmeier
                                                                   Printed name


                                                                   CEO
                                                                   Position or relationship to debtor

---

[1]   The debtors in these Chapter 11 Cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.