**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **ONE AVIATION CORPORATION, *et al.*,**[1] | Case No. 18-12309 (CSS) |
| **Debtors.** | |

**GLOBAL NOTES AND METHODOLOGY REGARDING THE DEBTORS'
SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL
AFFAIRS**

**These Global Notes and Methodology Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are an integral part of all of the Debtors' Schedules and Statements (defined below). The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.**

**<u>Introduction</u>**

The Schedules of Assets and Liabilities (the "<u>Schedules</u>" or "<u>SOAL</u>") and Statements of Financial Affairs (the "<u>Statements</u>" or "<u>SOFA</u>") filed by ONE Aviation Corporation and its subsidiaries ("<u>ONE Aviation</u>") as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") were prepared by the Debtors' management pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and are unaudited.

While the Debtors have made every reasonable effort to ensure that their Schedules and Statements are accurate and complete, based upon information available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and Statements.

Michael Wyse, Chairman of the Board of Directors of ONE Aviation Corporation and an authorized signatory for each of the Debtors, has signed Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Wyse relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Wyse has not (nor could have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

**Basis of Presentation.** The Schedules and Statements are unaudited and the Debtors do not purport them to be financial statements prepared in accordance with generally accepted accounting principles in the United States of America ("U.S. GAAP"), nor were they reconciled with the Debtors' financial statements. The Debtors' financial statements have not been audited since the audit of the 2016 financial statements; the auditor of the 2016 financial statements did not provide a final and signed copy of the audited financial statements. Subsequent financial statements of the Debtors have not been audited. These Schedules and Statements represent the Debtors' good-faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and remain subject to further review and potential adjustment.

**Reservation of Rights.** Neither the Debtors nor their advisors who assisted in the preparation of the Schedules and Statements guarantee or warrant the accuracy or completeness of the data that is provided herein, nor shall they be liable for any loss or injury arising out of or caused in whole or in part by the errors or omissions, negligent or otherwise, in preparing, collecting, reporting, or communicating the information contained herein. The Debtors and their advisors do not have an obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party upon such revisions. In no event shall the Debtors or their advisors be liable to any third party for any direct, indirect, incidental, consequential, or other damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their advisors are advised of the possibility of such damages. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

The Debtors have made commercially reasonable efforts to correctly characterize, classify, and categorize claims, assets, and executory contracts, among other items reported in the Schedules

and Statements. However, due to the complexity and size of the Debtors' business as well as the significant amount of turnover over the last several years, the Debtors may have inadvertently improperly characterized, classified, categorized, or designated certain items. The impact of personnel turnover may have resulted in records for certain historical information being lost or misplaced thereby impacting the Debtors ability to report on these matters. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

**Specific Notes.**  These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

**Dates.**  Unless otherwise noted, all asset and liability balances reported in the Schedules are as of October 9, 2018 (the "Petition Date").

**Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.  Cash is reported as of the Petition Date on a bank basis. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. It should also be noted that the Debtors have already tried to market the assets. Two investment bankers, Duff and Phelps and Guggenheim, ran marketing processes of debtor assets. The marketing processes did not result in interested parties expressing sufficient demand to close a transaction with the Debtors.

**Quantification of Claims.**  Amounts that were not readily quantifiable by the Debtors were reported as "undetermined," which is not intended to reflect the magnitude of the claim.

**Claims Paid Pursuant to Court Orders**.  The Bankruptcy Court authorized the Debtors to pay certain prepetition claims, including but not limited to, certain insurance payments, taxes, employee-related claims, customer claims, and critical vendor claims. Consequently, the Debtors have paid certain prepetition fixed, liquidated, and undisputed unsecured claims following the Petition Date. As such, claims against the Debtors for prepetition amounts may have been paid as of the time the Debtors filed their Schedules and Statements and may not have been included in those Schedules and Statements.

**Inter-Affiliate Assets and Liabilities.**  The Debtors have reconciled inter-affiliate amounts owed to and from entities. There may be instances where the Debtors may have inadvertently improperly

characterized, classified, categorized, or designated certain items based upon the information available at the time. As additional information becomes available and further research is conducted, the allocation of amounts due to and from different debtor entities may be updated. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

**Kestrel Aircraft Company, Inc.'s and Subsidiaries' Historical Depreciation Practices.** Kestrel Aircraft Company, Inc. ("Kestrel") and subsidiaries have historically not depreciated their assets on a line item basis. As such, the fixed asset values are generally shown at cost.

**Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Exclusions.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including certain employee-benefit accruals, accrued accounts payable, deferred revenue, and deferred gains. The Debtors have also excluded potential rejection-damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims may exist. In addition, the Debtors may have excluded certain immaterial assets and liabilities.

**Causes of Action.**  The Debtors, despite their good-faith efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Insiders.**  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) affiliates of the foregoing and the insiders thereof.  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to:  (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

**Payroll Obligations.**  The Debtors' record payroll and benefits for all employees, regardless of the employer, at Debtor Eclipse Aerospace, Inc. ("Eclipse").

**Leases.**  In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third-party lessors for use in the daily operation of their businesses. The underlying lease agreements are listed on Schedule G and any current amount due under such leases that were

outstanding as of the Petition Date are listed on Schedule F. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

**Litigation.** Certain litigation reflected as claims against ONE Aviation or one of its wholly owned subsidiaries may relate to any of the other Debtors. The Debtors have made reasonable efforts to accurately record these actions in the Schedules and Statements of the Debtors that are the party to the action.

**Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included therein.

**Employee Addresses**. The Debtors listed current employee addresses, including those of officers, as the address of the Debtor where the employee is employed.

## Notes to Statement of Financial Affairs

**SOFA 1/2.** The Debtors' gross revenue from business represents business revenue before the consideration of returns, allowances, and sales discounts offered to customers and is inclusive of intercompany sales amongst Debtors. Year-to-date revenue as of October 8, 2018, is both preliminary and subject to material revision.

**SOFA 3/4.** As described more fully in *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Existing Cash Management System, (B) Continue Intercompany Transactions, and (C) Maintain and use Existing Bank Accounts and Check Stock* [Docket No. 6], the Debtors maintain a centralized cash-management system in which all Debtors' receipts are directed to accounts managed by Eclipse. Similarly, a vast majority of disbursements are sent out by bank accounts managed by Eclipse on behalf of other Debtor entities and therefore are reflected on Eclipse's SOFA 3. The interbank account cash activity related to the cash-management system has been excluded from SOFA 3 and 4 due to the significant volume and nature of the transactions.

Amounts paid by check are included in SOFA 3 and 4 based on the date of issuance and certain amounts may not have ultimately cleared the Debtors bank accounts due to the cancellation of checks as of the Petition Date. Officer compensation, appearing in Exhibits 3 and 4, is gross of any tax withholding, 401(k) deductions, employee contributions to health insurance, or garnishments and does not include any employer matching of 401(k) contributions. The employee compensation paid to insiders is listed on SOFA 4 of the applicable employer despite the fact that ADP is funded from the Eclipse bank account.

Disbursements to ADP made from Eclipse represent the payment of payroll, remittance of payroll related taxes, remittances of garnishments to various state agencies, and the payment of ADP

payroll-processing fees. These amounts include payments to insiders that have been scheduled separately and may be duplicative.

Former and current insiders have received discounted aircraft maintenance, parts, and services from the Debtors. In many instances there are warranties in place that result in the Debtors being able to provide the maintenance and / or parts to parties at zero or minimal out-of-pocket cost to the Debtors. As such, the Debtors have excluded these costs from SOFA 3 and 4. In addition, given the nature of the terms of the purchase agreement with North American Jet Charter Group LLC and the business conducted by this entity, where a benefit may have been received through this entity, these benefits have been excluded. North American Jet Charter Group LLC and the entity's parent, Orion Aviation Holdings LLC, are third-party entities not affiliated with the Debtors or any current insiders of the Debtors.

**SOFA 5.**  Prior to the Petition Date, the Debtors had numerous assets seized by the Sheriff's Department of Bernalillo County, New Mexico (the "Sherriff's Department") related to claims asserted by Edward Lundeen and Henry and Katheryn Orlosky. Subsequent to the Petition Date, certain of those assets were returned to the Debtors. Only the assets that have not been returned to the Debtors have been included on SOFA 5. The Debtors have attempted to obtain data from the Sheriff's Department as to the prices that assets have been sold at and the creditors that have received the proceeds of the sales. The Sheriff's Department has provided some information but the Debtors are still trying to obtain information on the sales proceeds realized and the creditors that received the proceeds. As a result, the Debtors have listed the claims of these creditors as unliquidated on Schedule F.

**SOFA 6.**  The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, credits, warranties, refunds, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry. The Debtors do not believe that any involuntary setoffs have occurred within the 90 days preceding the Petition Date but reserve the right to update SOFA question six should they become known.

**SOFA 11.**  The Debtors record fee and expense obligations to restructuring professionals in the books and records of the specific entity to which the invoice is addressed rather than the entity that the restructuring professionals spent most of their time engaged to assist. However, since the payments benefited all of the Debtors, the payments are reflected on each of their respective Statements.

**SOFA 21.**  In 2017, Eclipse completed a sale of an aircraft to a foreign customer. Eclipse technically continues to hold title to the aircraft while the customer is seeking regulatory approvals. The customer has paid for the aircraft and Eclipse removed the aircraft from the books and records upon the receipt of payment. Since the Debtors do not possess or control this asset, it was not included on SOFA 21.

**SOFA 26d.**  The Debtors initiated sale processes in 2017 and 2018 respectively. The Debtors and their advisors uploaded certain unaudited financial information to a data room for potential interested parties to review. The list of the parties that had access to the Debtors' books and records

during that time period is available upon request of the US Trustee as the Debtors have entered into non-disclosure agreements with these parties.

**SOFA 27.**  The Debtors do not routinely perform full physical inventory counts. Instead, Eclipse developed a cycle count program to be used in lieu of annual physical inventories, provided the cycle counts were shown to have adequate accuracy. The cycle count program is an SAP-generated inventory-valuation method at cost that categorizes and then counts certain parts held within the Debtors' inventories at different frequencies depending on classification to produce a complete inventory value. The cycle count program utilized by the Debtors was previously accepted by the former external auditor. The formal cycle count program was suspended following the reduction in force in October, 2017. The only other entity that holds inventory is Kestrel. The remaining Debtor entities do not carry inventory on their books.

### Notes to the Schedules of Assets and Liabilities

**Schedule A/B 15.**  Eclipse currently holds a non-controlling interest in non-publicly traded shares of Aspen Avionics, Inc. The Debtors have contacted Aspen Avionics, Inc. to obtain information on the number of shares held, percentage of the interest in the company, and the value per share but have yet to receive a response. As such, the value of this interest is undetermined.

**Schedule A/B 19-22.**  The Debtors have not conducted a physical inventory count since December 2012. This physical inventory count reviewed only for a portion of the Debtors' inventory at the time.

**Schedule A/B 24.**  The Debtors do not have any 'perishable' inventory although there is some inventory which is identified as having finite shelf lives, some of which have passed their respective shelf lives since the Petition Date. The Debtors estimate the value of affected inventory at cost to be less than $15,000.

**Schedule A/B 39.**  The Debtors' financial statements include a line item for accumulated depreciation but, other than Eclipse Aerospace, Inc., fixed assets within the Debtors' financial

statements have not been depreciated on an individual basis and depreciation schedules have not been utilized for these fixed assets.

**Schedule A/B 49.**   The assets include but are not limited to experimental planes and flight simulators used for training exercises. These assets are not manufactured or marketed for sale by the Debtors in the ordinary course of business.

**Schedule A/B 61.**   The Debtors do not maintain a list indicating the ownership of each of the internet domain names, as a result, the domain names have been attributed to the various entities to the best of the Debtor's knowledge.

**Schedule A/B 72.**   The Debtors are still in the process of filing certain tax returns registered with various governmental taxing authorities, which may result in net operating losses that have not yet been identified or registered.

**Schedule D.**   The Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D.

**Schedule E/F.**   The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

Certain of the claims of state and local taxing authorities set forth in Schedule E/F, ultimately may be deemed to be secured claims pursuant to state or local laws.

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority, and the listing of any claim on Schedule

E/F does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Pursuant to the *Final Order (I) Authorizing Debtors to (A) Pay Employee Compensation and Benefits and (B)Maintain and Continue Such Benefits and Other Employee Related Programs And (II) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related to Such Payments* [Docket No. 115-1], the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F certain wage and wage-related obligations that they have paid or for which they have been granted authority to pay and intend to pay pursuant to the Wages Order.

Pursuant to the *Final Order (I) Authorizing Debtors to Honor Prepetition Obligations to Customers and Continue Certain Customer Programs and (II) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [Docket No. 118], the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations owing to customers. The Debtors have not listed on Schedule E/F certain customer warranty and training obligations that they have paid or for which they have been granted authority to pay and intend to pay pursuant to the Wage and Customer Program Orders.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has a receipt not invoiced.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While reasonable efforts have been made to determine the date upon which each claim in Schedule F was incurred or arose, making all such determinations would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

In addition, certain claims listed on Schedule F may be entitled to priority under 11 U.S.C. § 503(b)(9). The Debtors have made their best efforts to include all trade creditors on Schedule F; however, the Debtors believe there are instances where vendors have yet to provide proper invoices for prepetition goods or services.

Deferred compensation claims are listed according to the Debtor that employed the employee at the time of filing or the last employer of the former employee. This is despite the fact that certain

claims were potentially incurred while an employee was employed by multiple other debtor entities.

**Schedule G.**  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusions may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been extended by evergreen clauses, modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter, and other documents, instruments, and agreements which may not be listed therein.

In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month basis, as well as purchase orders. The Debtors generally do not believe that such agreements constitute executory contracts and therefore, such agreements are not listed individually on Schedule G. Nevertheless, the Debtors reserve the right to assert that such agreements constitute executory contracts.

In some cases, the same supplier or provider may have multiple agreements listed in Schedule G. These agreements represent distinct agreements between the applicable Debtor and such supplier or provider and will be listed as multiple contracts under the same counterparty.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G.  In addition, the applicable Debtor may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to claims against or interest in any Debtor. Finally certain of the executory agreements may not have been memorialized and could be subject to dispute.

Listing a contract or agreement on this schedule does not constitute, and should not be deemed to be, an admission that such contract or agreement is an executory contract or unexpired lease. Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts and agreements listed on this schedule are hereby reserved and preserved. Similarly, the listing of a

contract or lease on this schedule does not constitute an admission that such document is not a secured financing.

Absence of listing expired executory contracts on the Schedules does not constitute a waiver of survival terms and conditions of such experienced contracts. Any survival terms remain in full force and effect. The Debtors reserve all their rights and reservations.

**Fill in this information to identify the case:**

Debtor name  Innovatus Holding Company

United States Bankruptcy Court for the:  District of Delaware

Case number (If known):  18-12309

---

Official Form 207

☐ Check if this is an amended filing

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  12/15

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---|---|

### 1. Gross revenue from business

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross Revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ - _____ to _____ - _____<br>MM / DD / YYYY | ☐ Operating a business<br>☑ Other | _____ - |
| For prior year: | From _____ - _____ to _____ - _____<br>MM / DD / YYYY | ☐ Operating a business<br>☑ Other | _____ - |
| For the year before that: | From _____ - _____ to _____ - _____<br>MM / DD / YYYY | ☐ Operating a business<br>☑ Other | _____ - |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ - _____ to _____ - _____<br>MM / DD / YYYY | _____ | $0.00 |
| For prior year: | From _____ - _____ to _____ - _____<br>MM / DD / YYYY | _____ | $0.00 |
| For the year before that: | From _____ - _____ to _____ - _____<br>MM / DD / YYYY | _____ | $0.00 |

Debtor  Innovatus Holding Company                          ,                Case number *(if known)*  18-12309
        Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

Debtor  Innovatus Holding Company
        Name

Case number (if known)  18-12309

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
|  |  |  |  |

## Part 3:    Legal Actions or Assignments

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
|  |  |  |  |

### 8. Assignments and receiverships

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value | Case title |
|---|---|---|---|
| Court name and address | Case number | Date of order or assignment |  |

## Part 4:    Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
|  |  |  |  |

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| Address | Email or website address | Who made the payment, if not debtor? | |

*See Exhibit 11 - Restructuring Fees*

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| Trustee | | | |

Debtor  Innovatus Holding Company                                              Case number (if known)  18-12309
          Name

### 13. Transfers not already listed on this statement

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| Address | Relationship to debtor | | |

| Part 7: | Previous Locations |
|---|---|

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|

*See Exhibit 14 - Prior Address of Debtor*

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? | |

Debtor  Innovatus Holding Company                                    Case number (If known)  18-12309
            Name

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.  Names, address, telephone number, email address

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

      Yes. Does the debtor serve as plan administrator?

      ☑ No. Go to Part 10.

      ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan | Had the plan been terminated? |
|--------------|---------------------------------------------|-------------------------------|
|              |                                             |                               |

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|-------------------------------------------------------------------|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|----------------------------------------|----------------------------------|-----------------|-------------------------------------------------------|------------------------------------------|
|                                        |                                  |                 |                                                       |                                          |

Debtor  Innovatus Holding Company                    Case number (if known)  18-12309
          Name

## 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | Address | | |

## 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | Address | | |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

## 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

☐ Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

☐ Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

☐ Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

## 22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| Case number | | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13:        Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. | Dates business existed |
|---|---|---|---|

*See Exhibit 25 - List of Partnership or Ownership Interests*

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|

*See Exhibit 26a - Bookkeepers*

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|

*See Exhibit 26b - Firms*

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

*See Exhibit 26c - Possession of Debtor's Books*

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

| Name and address |
|---|

☑ None

Debtor  Innovatus Holding Company                                                                      Case number (if known)   18-12309
     Name

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Name and address of the person who has possession of inventory records | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|

*See Exhibit 28 - Directors, Officers, and Shareholders*

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

*See Exhibit 29 - Former Directors, Officers, and Shareholders*

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

*See Exhibit 31 - Tax Consolidation Group*

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 11
# RESTRUCTURING FEES
### (Continuation Sheet)

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| Duff & Phelps Securities, LLC | | | |
| 9078 PAYSPHERE CIRCLE | **Email or website address** | | |
| | vin.batra@duffandphelps.com | | |
| CHICAGO, IL | **Who made the payment, if not debtor?** | | |
| | | 1/2/2018 | $25,000.00 |
| | | 2/1/2018 | $28,530.00 |
| | | 5/4/2018 | $25,587.85 |
| | | 5/8/2018 | $50,000.00 |
| | | 10/5/2018 | $125,000.00 |
| **Duff & Phelps Securities, LLC** | | | **$254,117.85** |
| Epiq Corporate Restructuring, LLC | | | |
| 777 Third Avenue | **Email or website address** | | |
| | ktran@epiqglobal.com | | |
| New York, NY, 10017 | **Who made the payment, if not debtor?** | | |
| | | 5/18/2018 | $22,500.00 |
| | | 5/22/2018 | $7,500.00 |
| | | 10/5/2018 | $29,000.00 |
| **Epiq Corporate Restructuring, LLC** | | | **$59,000.00** |
| Ernst & Young LLP | | | |
| 5 Times Square | **Email or website address** | | |
| | briana.richards@ey.com | | |
| New York, NY, 10036 | **Who made the payment, if not debtor?** | | |
| | | 10/5/2018 | $115,000.00 |
| **Ernst & Young LLP** | | | **$115,000.00** |

Sheet no. 1 of 2 continuation sheets

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 11
# RESTRUCTURING FEES

### (Continuation Sheet)

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| Paul Hastings LLP | | | |
| 71 South Wacker Drive | **Email or website address** | | |
| Suite 4500 | toddschwartz@paulhastings.com | | |
| Chicago, IL, 60606 | **Who made the payment, if not debtor?** | | |
| | | 12/22/2017 | $50,000.00 |
| | | 12/26/2017 | $50,000.00 |
| | | 1/11/2018 | $25,000.00 |
| | | 1/17/2018 | $25,000.00 |
| | | 1/25/2018 | $100,000.00 |
| | | 2/15/2018 | $100,000.00 |
| | | 5/4/2018 | $300,000.00 |
| | | 5/8/2018 | $350,000.00 |
| | | 5/22/2018 | $25,000.00 |
| | | 5/24/2018 | $25,000.00 |
| | | 7/23/2018 | $325,000.00 |
| | | 10/5/2018 | $275,000.00 |
| **Paul Hastings LLP** | | | **$1,650,000.00** |
| Young Conaway Stargatt & Taylor LLP | | | |
| Rodney Square | **Email or website address** | | |
| 100 North King Street | sbeach@ycst.com | | |
| Wilmington, DE, 19801 | **Who made the payment, if not debtor?** | | |
| | | 5/18/2018 | $25,000.00 |
| | | 5/18/2018 | $21,000.00 |
| | | 5/22/2018 | $25,000.00 |
| | | 10/5/2018 | $55,000.00 |
| **Young Conaway Stargatt & Taylor LLP** | | | **$126,000.00** |

Sheet no. 2 of 2 continuation sheets                                **Total:**    $2,204,117.85

Debtor  Innovatus Holding Company                    Case number (if known)  18-12309
        Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 14
# PRIOR ADDRESS OF DEBTOR

(Continuation Sheet)

| Address | Dates of occupancy |
|---|---|
| 2 Pegasus Street | From  1/1/2015    To    10/1/2017 |
| Street | |
| | |
| Brunswick,          ME          04011 | |
| City          State          ZIP Code | |

Sheet no. 1 of 1 continuation sheets

Debtor  Innovatus Holding Company          Case number (if known)  18-12309
Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 25
# LIST OF PARTNERSHIP OR OWNERSHIP INTERESTS
### (Continuation Sheet)

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| DR Management, LLC<br>Name<br><br>PO Box 1045<br>Street<br><br><br>Proctor,        MN     55810<br>City          State    ZIP Code | Indirect owner | EIN: 8703<br><br>**Dates business existed**<br>From _____   To _____ |
| Kestrel Aircraft Company, Inc.<br>Name<br><br>PO Box 1045<br>Street<br><br><br>Proctor,        MN     55810<br>City          State    ZIP Code | Direct owner | EIN: 2053<br><br>**Dates business existed**<br>From _____   To _____ |
| Kestrel Brunswick Corporation<br>Name<br><br>PO Box 1045<br>Street<br><br><br>Proctor,        MN     55810<br>City          State    ZIP Code | Indirect owner | EIN: 6741<br><br>**Dates business existed**<br>From _____   To _____ |
| Kestrel Manufacturing, LLC<br>Name<br><br>PO Box 1045<br>Street<br><br><br>Proctor,        MN     55810<br>City          State    ZIP Code | Indirect owner | EIN: 1810<br><br>**Dates business existed**<br>From _____   To _____ |

Sheet no. 1 of 2 continuation sheets

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 25
# LIST OF PARTNERSHIP OR OWNERSHIP INTERESTS

(Continuation Sheet)

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| Kestrel Tooling Company<br>Name | Indirect owner | EIN: 9439 |
| PO Box 1045<br>Street | | |
| | | **Dates business existed** |
| Proctor,        MN      55810<br>City            State    ZIP Code | | From _____    To _____ |

Sheet no. 2 of 2 continuation sheets

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 26a
# BOOKKEEPERS
### (Continuation Sheet)

| Name and address | Dates of service | | |
|---|---|---|---|
| Edward Underwood<br>Name | From | 7/09/2010 To | 10/20/2017 |
| 11 SUGAR BEACH DRIVE<br>Street | | | |
| | | | |
| SANTA ROSA BEACH,  FL      32459<br>City          State          ZIP Code | | | |
| Mindy Goth<br>Name | From | 12/01/2016 To | 6/30/2018 |
| Attn: Traverse, LLC<br>Street<br>PO BOX 4187 | | | |
| MISSION VIEJO,  CA      92690<br>City          State          ZIP Code | | | |
| Albert Altro<br>Name | From | 12/01/2016 To | 6/30/2018 |
| Attn: Traverse, LLC<br>Street<br>PO BOX 4187 | | | |
| MISSION VIEJO,  CA      92690<br>City          State          ZIP Code | | | |
| Tim Walker<br>Name | From | 12/01/2016 To | 6/30/2018 |
| Attn: Traverse, LLC<br>Street<br>PO BOX 4187 | | | |
| MISSION VIEJO,  CA      92690<br>City          State          ZIP Code | | | |

Sheet no. 1 of 2 continuation sheets

Debtor  Innovatus Holding Company          Case number (if known)  18-12309
        Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 26a
## BOOKKEEPERS
### (Continuation Sheet)

| Name and address | | | Dates of service | | | |
|---|---|---|---|---|---|---|
| Kary Pierce | | | From | 5/22/2017 | To | 11/22/2017 |
| Name | | | | | | |
| 1501 TOMASITA ST NE | | | | | | |
| Street | | | | | | |
| | | | | | | |
| ALBUQUERQUE | NM | 87112 | | | | |
| City | State | ZIP Code | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Nathan Bosey | | | From | 3/05/2018 | To | |
| Name | | | | | | |
| 3250 Spirit Drive SE | | | | | | |
| Street | | | | | | |
| | | | | | | |
| Albuquerque, | NM | 87106 | | | | |
| City | State | ZIP Code | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Keiran McGarrell | | | From | 12/01/2016 | To | 6/30/2018 |
| Name | | | | | | |
| Attn: Traverse, LLC | | | | | | |
| Street | | | | | | |
| PO BOX 4187 | | | | | | |
| | | | | | | |
| MISSION VIEJO, | CA | 92690 | | | | |
| City | State | ZIP Code | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Ann-Marie Walko | | | From | 10/31/2011 | To | 10/20/2017 |
| Name | | | | | | |
| 362 W SHORE ROAD | | | | | | |
| Street | | | | | | |
| | | | | | | |
| WESTPORT ISLAND, | ME | 04578 | | | | |
| City | State | ZIP Code | | | | |

Sheet no. 2 of 2 continuation sheets

Debtor  Innovatus Holding Company                                    Case number (if known)  18-12309
        Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 26b
## FIRMS

(Continuation Sheet)

| Name and address | | | Dates of service | | | |
|---|---|---|---|---|---|---|
| Traverse, LLC | | | From | 12/01/2016 | To | 6/30/2018 |
| Name | | | | | | |
| PO BOX 4187 | | | | | | |
| Street | | | | | | |
| | | | | | | |
| MISSION VIEJO, | CA | | | | | |
| City | State | ZIP Code | | | | |
| | | | | | | |
| Wilkerson, Guthmann & Johnson, Ltd. | | | From | 1/01/2016 | To | 12/31/2017 |
| Name | | | | | | |
| 1210 West County Road E | | | | | | |
| Street | | | | | | |
| Suite 100 | | | | | | |
| Arden Hills, | MN | 55112 | | | | |
| City | State | ZIP Code | | | | |

Sheet no. 1 of 1 continuation sheets

Debtor   Innovatus Holding Company                                    Case Number (if known)   18-12309
         Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 26c
# POSSESSION OF DEBTOR'S BOOKS

(Continuation Sheet)

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| Wilkerson, Guthmann & Johnson, Ltd. <br> Name | Auditor |
| 1210 West County Road E <br> Street | |
| Suite 100 | |
| Arden Hills,    MN    55112 <br> City    State    ZIP Code | |
| Jeffrey Hesson <br> Name | Corporate Attorney |
| Von Briessen & Roepes S.C. <br> Street | |
| 244 E Doty Avenue | |
| Neenah,    WI    54956 <br> City    State    ZIP Code | |
| Traverse, LLC <br> Name | Financial Advisor and Interim CFO |
| PO BOX 4187 <br> Street | |
| MISSION VIEJO,    CA    92690 <br> City    State    ZIP Code | |
| Ann-Marie Walko <br> Name | Manager, Accounting |
| 362 W Shore Road <br> Street | |
| Westport Island,    ME    04578 <br> City    State    ZIP Code | |

Sheet no. 1 of 1 continuation sheets

Debtor  Innovatus Holding Company                                    Case number (if known)  18-12309
        Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 28
## DIRECTORS, OFFICERS, AND SHAREHOLDERS
### (Continuation Sheet)

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|--------------------------------------|------------------------|
| Alan Klapmeier | 3557 NELSON RD | Director | 0.0% |
| Jonathan Dwight | PO BOX 1948 | Director | 0.0% |
| Kevin Gould | 1212 Victoria Dr. | Director | 0.0% |
| Michael Wyse | 85 BROAD STREET | Director | 0.0% |
| ONE Aviation Corporation | 3250 Spirit Drive SE | Shareholder | 100.0% |
| RJ Siegel | 9260 N. PELHAM PARKWAY | Director | 0.0% |

Sheet no. 1 of 1 continuation sheets

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 29
# FORMER DIRECTORS, OFFICERS, AND SHAREHOLDERS
### (Continuation Sheet)

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|----------------------------------------------------|
| Edward Underwood | 11 SUGAR BEACH DRIVE | Chief Financial Officer, Treasurer and Secretary, Director | From 9/20/2017 to 10/20/2017 |
| Traverse, LLC | Attn: Albert Altro 25 Orion Way | Financial Advisor and Interim CFO | From 12/01/2016 to 6/30/2018 |

Sheet no. 1 of 1 continuation sheets

Debtor  Innovatus Holding Company                    Case number (if known)  18-12309
Name

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 31
## TAX CONSOLIDATION GROUP

(Continuation Sheet)

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| ONE Aviation Corporation | EIN:  47-3929649 |

Sheet no. 1 of 1 continuation sheets

Debtor   Innovatus Holding Company                    ,        Case number *(if known)*   18-12309
         Name

| Part 14: | Signature and Declaration |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on**      12/07/2018
                  MM / DD / YYYY

✗ _____          Printed name   Michael Wyse
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chairman of the Board

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No
☑ Yes