# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ONE AVIATION CORPORATION, *et al.*, | Case No. 18-12309-CSS |
| Debtors. | (Jointly Administered) |

**NOTICE OF THE UNITED STATES OF AMERICA CONCERNING THE REVIEW OF CERTAIN TRANSACTIONS BY THE COMMITTEE ON FOREIGN INVESTMENT IN THE UNITED STATES**

The United States of America respectfully submits this statement to address the possibility that certain transactions contemplated by the *Joint Prepackaged Chapter 11 Plan of Reorganization for One Aviation Corporation and its Debtor Affiliates* [Docket No. 13] (Plan)[1] may be subject to review by the Committee on Foreign Investment in the United States (CFIUS), which could affect the ability of the parties to complete the transactions, the timing of their completion, and/or their terms.

**A.    The Global Transaction and the Plan's Essential Regulatory Approvals**

1.    On October 10, 2018, the Debtors commenced voluntary chapter 11 cases. On the same day, the Debtors filed the Plan and associated *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization for One Aviation Corporation and its Debtor Affiliates* [Docket No. 14] (Disclosure Statement).  The Plan provides for a "reorganization pursuant to which prepetition first lien debt, now held entirely by Citiking, would be converted to equity in the reorganized Debtors."  Disclosure

---

[1] Any capitalized term not defined herein has the meaning ascribed to it in the Plan and the Disclosure Statement.

Statement Art. IV.B.

        2.        The Plan and other relevant documents describe certain regulatory approvals that must be obtained. Section 8.1 of the Plan lists conditions precedent to the Effective Date. Under Section 8.1.4, in order for the Plan to become effective, "[a]ll requisite governmental authorities and third parties shall have approved or consented, or such time period to object, stay, or limit shall have expired, to the transactions contemplated by this Plan, to the extent reasonably required." The Disclosure Statement further provides that "the effectiveness of the Plan is subject to obtaining certain Governmental Approvals, except to the extent such Governmental Approvals would not, in the aggregate, reasonably be expected to result in losses, costs, liabilities or expenses to the parties to the Restructuring Support Agreement and their respective subsidiaries in excess of $5,000,000." Neither the Disclosure Statement nor the Plan specifically contemplates any clearance by CFIUS for the transactions contemplated by the Plan.

**B.**        **CFIUS's Purpose and Membership**

        3.        CFIUS is an inter-agency committee authorized to review transactions that could result in control of a U.S. business by a foreign person in order to determine the effect of such transactions on the national security of the United States. *See* 50 U.S.C. § 4565(b)(1)(A).

        4.        Section 721 of the Defense Production Act of 1950, as amended (currently codified at 50 U.S.C. § 4565) (Section 4565), authorizes the President, acting through CFIUS, to review any merger, acquisition, or takeover "that could result in foreign control of any person engaged in interstate commerce in the United States." 50 U.S.C. § 4565(a)(4)(B)(i). Any such transaction with this possible effect is referred to as a

"covered transaction." *Id.* The term "person" is defined to mean any individual or entity. 31 C.F.R. § 800.221. Covered transactions could include the acquisition by a foreign person of an entity engaged in interstate commerce in the United States (a U.S. business) that is in bankruptcy, including components of a business or assets that constitute a U.S. business under the CFIUS regulations. *See* 31 C.F.R. Part 800.

5.  The members of CFIUS include the Secretaries of the Treasury (chair), State, Defense, Commerce, Energy, and Homeland Security; the Attorney General; the United States Trade Representative; and the Director of the White House Office of Science and Technology Policy; the heads of any other executive department, agency, or office may participate as determined to be appropriate on a case-by-case basis. 50 U.S.C. § 4565(k)(2); Exec. Order No. 11858, § 3(b), *as amended by* Exec. Order No. 13456, 73 Fed. Reg. 4677 (Jan. 23, 2008).

C.  **The CFIUS Process**

6.  CFIUS review can be initiated voluntarily or involuntarily. Any party to a covered transaction can file a voluntary notice of the transaction with CFIUS, or CFIUS can unilaterally initiate review of the transaction. *See* 50 U.S.C. § 4565(b)(1)(C), (D). Following a 45-day review period, *see id.* § 4565(b)(1)(F), two principal outcomes are possible. First, CFIUS could determine not to undertake an investigation and conclude action with respect to the transaction. *See* 31 C.F.R. § 800.504. Alternatively, CFIUS may initiate a 45-day investigation into the "effects of [the] covered transaction on the national security of the United States." 50 U.S.C. § 4565(b)(2)(A).

7.  Upon completion of any investigation, CFIUS may conclude action with respect to the transaction, *see* 31 C.F.R. § 800.506(d), or, if CFIUS determines that the

transaction poses national security concerns that cannot be resolved, unless the parties choose to abandon the transaction, CFIUS will send a report to the President requesting his decision on whether to take an action to suspend or prohibit the transaction, 50 U.S.C. § 4565(d)(1), which must be made within 15 days. *Id.* § 4565(d)(2). Such action taken by the President is not subject to judicial review. *Id.* § 4565(e)(1).

8. CFIUS may seek to mitigate any threat to the national security of the United States that arises as a result of a covered transaction by entering into agreements with a party or imposing conditions on the transaction. *See* 50 U.S.C. § 4565(l)(3)(A). In addition, the process could be prolonged by pre-notification informal consultations, *see* 31 C.F.R. § 800.401(f) (encouraging such discussions); withdrawal by the parties of any written notification of a transaction, 50 U.S.C. § 4565(b)(1)(C)(ii); and by informal discussions regarding possible resubmission. *Id.* § 4565(b)(1)(C)(iii).

9. In conducting its national security risk analysis, CFIUS considers issues including, for example, domestic production needed for projected national defense requirements and the capability and capacity of domestic industries to meet national defense requirements. *See id.* § 4565(f). Section 4565(f)(1)-(11) lists factors that CFIUS considers in assessing national security risk.

D. **Confidentiality in the CFIUS Review Process**

10. The CFIUS review process is subject to explicit confidentiality provisions, with limited exceptions, including for disclosure as may be relevant to any administrative or judicial action or proceeding. *See* 50 U.S.C. § 4565(c); 31 C.F.R. § 800.702. Unpermitted disclosure of certain information or material filed with CFIUS can result in criminal penalties, including fines and imprisonment. *See* 31 C.F.R. § 800.702. "[T]here

is . . . a clearly articulated intention, on the part of each of the legislative and executive branches of our government, that the CFIUS process remain confidential." *In re Global Crossing Ltd.*, 295 B.R. 720, 724–25 (Bankr. S.D.N.Y. 2003).  The CFIUS statutory and regulatory confidentiality provisions apply in bankruptcy.  *See id.*; *see also* Fed. R. Bankr. P. 9018 ("[T]he court may make any order which justice requires . . . to protect governmental matters that are made confidential by statute or regulation.").  Nothing in the CFIUS regulatory confidentiality provisions, however, prohibits the public disclosure by a party of documentary material or information that it has filed with CFIUS.  *See* 31 C.F.R. § 800.702(c).

Dated: January 17, 2019

Respectfully submitted

JOSEPH H. HUNT
Assistant Attorney General

DAVID C. WEISS
Acting United States Attorney

ELLEN SLIGHTS
Assistant United States Attorney

/s/ I-Heng Hsu
RUTH A. HARVEY
LLOYD H. RANDOLPH
DANIELLE A. PHAM (CA Bar 269915)
I-HENG HSU

Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
TEL: (202) 616-3619
FAX: (202) 514-9163
Email: i-heng.hsu@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

On January 17, 2019, I caused a copy of the foregoing to be served electronically through the Court's ECF system upon those who have entered an appearance in this proceeding, and through electronic mail on the parties listed below.

Dated: January 17, 2019                                 /s/ I-Heng Hsu
                                                       I-Heng Hsu