## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:

ONE AVIATION CORPORATION, *et al.,*[1]

Debtors.

: 
:    **Chapter 11**
: 
:    **Case No. 18-12309 (CSS)**
: 
:    **Jointly Administered**
: 
:    **Obj. Deadline: May 5, 2020 at 4:00 p.m. (ET)**

----------------------------------------------------------------x

### SUMMARY OF SEVENTEENTH MONTHLY APPLICATION OF PAUL HASTINGS LLP FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH FEBRUARY 29, 2020

Name of Applicant:     Paul Hastings LLP

Authorized to Provide Professional Services to:     The above-captioned Debtors and Debtors in Possession

Date of Retention:     November 16, 2018 *nunc pro tunc* to October 9, 2018 [Docket No. 166]

Period for which compensation and reimbursement are sought:     February 1, 2020 through February 29, 2020 (the "Fee Period")

Amount of Compensation sought as actual, reasonable, and necessary:     $55,823.95

Amount of Compensation sought to be paid:     $44,659.16 (80% of $55,823.95)

Amount of Fees Voluntarily Waived:     $36,892.55[2]

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The debtors' corporate headquarters is located at 3520 Spirit Drive SE, Albuquerque, NM 87106.

[2] As a courtesy to the debtors, Paul Hastings is not seeking payment at this time for the services of those timekeepers who billed less than 5.0 hours during the Fee Period, with associated fees aggregating $12,968.00. As an additional accommodation to the Debtors, Paul Hastings has agreed at this time to not seek payment of $23,924.55 of the $92,716.50 total compensation earned during the Fee Period, with a

Amount of Expense Reimbursement
sought as actual, reasonable, and
necessary:                                    $115.38

This is a(n):  _X_ monthly     ___ interim     ___ final application

This application includes approximately 37.5 hours and associated fees of approximately $25,765.50 in connection with the preparation of fee applications.

## **PRIOR APPLICATION HISTORY**

| Application | Date Filed / Docket No. | Period Covered | Requested | | Monthly Statements | | Certificate of No Objection / Signed Order |
|---|---|---|---|---|---|---|---|
| | | | **Fees 100%** | **Expenses** | **Fees 80%** | **Expenses** | |
| First Monthly | 1/08/19 Docket No. 314 | 10/9/18 – 10/31/18 | $750,225.00 | $8,939.01 | $600,180.00 | $8,939.01 | Docket No. 380 |
| Second Monthly | 1/23/19 Docket No. 353 | 11/1/18 – 11/30/18 | $890,852.00 | $6,607.79 | $712,681.60 | $6,607.79 | Docket No. 416 |
| Third Monthly | 3/26/19 Docket No. 468 | 12/1/18 – 12/31/18 | $1,014,004.50 | $1,988.37 | $811,203.60 | $1,988.37 | Docket No. 507 |
| Fourth Monthly | 7/25/19 Docket No. 629 | 1/1/19 – 1/31/19 | $1,123,245.00 | $4,965.19 | $898,596.00 | $4,965.19 | Docket No. 652 |
| Fifth Monthly | 7/25/19 Docket No. 630 | 2/1/19 – 2/28/19 | $448,595.00 | $2,420.13 | $358,876.00 | $2,420.13 | Docket No. 652 |
| Sixth Monthly | 7/25/19 Docket No. 631 | 3/1/19 – 3/31/19 | $237,496.50 | $518.04 | $189,997.20 | $518.04 | Docket No. 652 |
| Seventh Monthly | 10/9/19 Docket No. 729 | 4/1/19 – 4/30/19 | $508,990.00 | $4,634.07 | $407,192.00 | $4,634.07 | Docket No. 758 |

---

combined amount of reduced fees aggregating $36,892.55 ($23,924.55 plus the $12,968.00 reduction of fees on account of timekeepers who billed less than 5.0 hours during the Fee Period). The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance of Paul Hastings' fees and expenses.

| Application | Date Filed / Docket No. | Period Covered | Requested | | Monthly Statements | | Certificate of No Objection / Signed Order |
| | | | Fees 100% | Expenses | Fees 80% | Expenses | |
|---|---|---|---|---|---|---|---|
| Eighth Monthly | 10/18/19 Docket No. 738 | 5/1/19 – 5/31/19 | $374,995.01 | $1,993.20 | $299,964.01 | $1,993.20 | Docket No. 758 |
| Ninth Monthly | 11/21/19 Docket No. 761 | 6/1/19 – 6/30/19 | $537,595.50 | $2,744.24 | $430,076.40 | $2,744.24 | Docket No. 787 |
| Tenth Monthly | 12/23/19 Docket No. 770 | 7/1/19 – 7/31/19 | $488,621.50 | $16,525.87 | $390,897.20 | $16,525.87 | Docket No. 787 |
| Eleventh Monthly | 12/23/19 Docket No. 770 | 8/1/19 – 8/31/19 | $182,833.50 | $1,828.92 | $146,266.80 | $1,828.92 | Docket No. 787 |
| Twelfth Monthly | 1/02/20 Docket No. 774 | 9/1/19 – 9/30/19 | $377,790.50 | $421.99 | $302,232.40 | $421.99 | Docket No. 787 |
| Thirteenth Monthly | 1/29/20 Docket No. 791 | 10/1/19 – 10/31/19 | $126,824.50 | $5,405.27 | $101,459.60 | $5,405.27 | Docket No. 811 |
| Fourteenth Monthly | 1/29/20 Docket No. 792 | 11/1/19 – 11/30/19 | $150,651.00 | $708.33 | $120,520.80 | $708.33 | Docket No. 811 |
| Fifteenth Monthly | 2/24/20 Docket No. 813 | 12/1/19 – 12/31/19 | $147,228.02 | $2,177.49 | $117,782.42 | $2,177.49 | Docket No. 813 |
| Sixteenth Monthly | 4/14/20 Docket No. 819 | 1/1/20 – 1/31/20 | $99,515.15 | $1,363.93 | $79,612.12 | $1,363.93 | Docket No. TBD |

## PRIOR INTERIM APPLICATION HISTORY

| Date Filed and Dkt. No. | Period Covered | Requested Fees | Requested Expenses | Court Approved and Paid Fees | Court Approved and Paid Expenses |
|---|---|---|---|---|---|
| First Interim Fee Application<br>3/26/19<br>469 and 470 | 10/9/18 – 12/31/18 | $2,655,081.50 | $17,535.17 | Approved: $2,655,081.50<br>Paid: $1,469,453.20 | Approved: $25,726.57[3]<br>Paid: $15,546.80 |
| Second Interim Fee Application<br>9/18/19<br>718 and 727 | 1/1/19 – 3/31/19 | $1,809,336.50 | $7,903.36 | Approved: $1,809,336.50<br>Paid: $1,266,535.55 | Approved: $7,903.36<br>Paid: $7,903.36 |
| Third Interim Fee Application<br>2/10/20<br>798 and 799 | 4/1/10 – 6/30/19 | $1,421,540.51 | $9,371.51 | Approved: $1,421,540.51<br>Paid: $994,916.59 | Approved: $9,371.51<br>Paid: $9,371.51 |

---

[3]     Although the *Omnibus Order Approving First Interim Fee Applications of Certain Professionals* [Docket No. 511] approved this amount, the amount should have been $17,535.17.  Paul Hastings made this correction in connection with its fourth interim fee application.

**COMPENSATION BY INDIVIDUAL DURING FEE PERIOD**

| Name of Individual | Position, Year of Obtaining License to Practice Law, Department | Hourly Billing Rate (including changes)[4] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Chris L. Dickerson | Partner, 1998, Corporate | $1,285.00 | 10.30 | $13,235.50 |
| Holly Snow | Partner, 2009, Corporate | $1,160.00 | 0.90 | $1,044.00 (voluntarily reduced fees to $0.00) |
| Maureen E. Sweeney | Partner, 1996, Corporate | $1,235.00 | 5.60 | $6,916.00 |
| Robert P. Silvers | Partner, 2006, Litigation | $1,210.00 | 2.40 | $2,904.00 (voluntarily reduced to $0.00) |
| **PARTNERS** | | | **19.20** | **$24,099.50** |
| Katherine A. Traxler | Of Counsel, 1990, Corporate | $860.00 | 4.90 | $4,214.00 (voluntarily reduced to $0.00) |
| Nicholas A. Bassett | Of Counsel, 2006, Corporate | $1,235.00 | 0.90 | $1,111.50 (voluntarily reduced to $0.00) |
| **COUNSEL** | | | **5.80** | **$5,325.50** |
| Brendan Gage | Associate, 2011, Corporate | $1,035.00 | 0.20 | $207.00 (voluntarily reduced to $0.00) |
| Holly Suzanna Flynn | Associate, 2018, Litigation | $675.00 | 0.70 | $472.50 (voluntarily reduced to $0.00) |
| Max Cardin | Associate, 2019, Corporate | $635.00 | 24.10 | $15,303.50 |
| Nathan S. Gimpel | Associate, 2013, Corporate | $1,005.00 | 20.70 | $20,803.50 |

---

[4]     As noted in the Notices of Change in Hourly Rates [Docket Nos. 266 and 702], Paul Hastings adjusted its hourly rates effective January 1, 2019 and October 1, 2019.  In the *Debtors' Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors,* Nunc Pro Tunc *to the Petition* Date [Docket No. 79], the Debtors acknowledged that Paul Hastings periodically adjusts its rates to reflect economic and other conditions and consented to such adjustments so long as Paul Hastings charges its regular hourly rates in effect at the time. As an additional accommodation to the Debtors, Paul Hastings decided to withhold its hourly rate increase otherwise effective January 1, 2020.

| Name of Individual | Position, Year of Obtaining License to Practice Law, Department | Hourly Billing Rate (including changes)[4] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Randall V. Johnston | Associate, 2013, Litigation | $1,005.00 | 3.00 | $3,015.00 (voluntarily reduced to $0.00) |
| Robert A. Dixon | Associate, 2018, Corporate | $675.00 | 34.80 | $23,490.00 |
| **ASSOCIATES** | | | **83.50** | **$63,291.50** |
| **Subtotal:** | | | **108.50** | **$92,716.50** |
| **Less Voluntary Fee Reduction[5]:** | | | | **($36,892.55)** |
| **Grand Total:** | | | | **55,823.95** |
| **Blended Hourly Rate:** | | | | **$735[6]** |

---

[5]     Paul Hastings voluntarily reduced its fees on account of timekeepers who billed less than 5.0 hours during the Fee Period, with associated fees aggregating $12,968.00.  As an additional accommodation to the Debtors, Paul Hastings is not seeking payment of $23,924.00.

[6]     The blended rate reflects the voluntarily reduced fees on account of timekeepers who billed less than 5.0 hours during the Fee Period divided by the total hours billed.

**COMPENSATION BY PROJECT CATEGORY DURING FEE PERIOD**

| U.S. Trustee Project Category | Total Hours Billed | Total Compensation |
|---|---|---|
| B155    Court Hearings | 2.40 | $2,664.00 |
| B160    Fee / Employment Applications  (Paul Hastings) | 62.20 | $38,436.50 |
| B191    General Litigation | 0.90 | $0.00 |
| B215    Regulatory Matters | 6.10 | $0.00 |
| B230    Financing / Cash Collections | 13.50 | $12,555.00 |
| B310    Claims Administration and Objections | 0.30 | $301.50 |
| B320    Plan and Disclosure Statement (including Business Plan) | 23.10 | $25,791.50 |
| **TOTAL** | **108.50** | **$79,748.50**[7] |

---

[7]    This amount reflects Paul Hastings' voluntary reduction of its fees associated with timekeepers who billed less than 5.0 hours during the Fee Period.

## EXPENSE SUMMARY FOR FEE PERIOD

| Expense Category | Amount |
|---|---|
| Computer Search | $85.50 |
| Meals | $29.88 |
| **TOTAL** | **$115.38** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- x
                                                             :
In re:                                                       :    **Chapter 11**
                                                             :
**ONE AVIATION CORPORATION, et al.,**[1]                     :    **Case No. 18-12309 (CSS)**
                                                             :
            **Debtors.**                                     :    **Jointly Administered**
                                                             :
                                                             :    **Obj. Deadline: May 5, 2020 at 4:00 p.m. (ET)**
-------------------------------------------------------------x

**SEVENTEENTH MONTHLY APPLICATION OF PAUL HASTINGS LLP FOR
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM FEBRUARY 1, 2020 THROUGH FEBRUARY 29, 2020**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the

Court's *Order Establishing Procedures for Interim Compensation and Expense Reimbursement*

*of Professionals* [Docket No. 169] (the "Interim Compensation Order"), Paul Hastings LLP

("Paul Hastings"), attorneys for ONE Aviation Corporation and its affiliated debtors and debtors

in possession in the above-captioned cases (collectively, the "Debtors"), hereby files this

*Seventeenth Monthly Application of Paul Hastings LLP for Payment of Compensation and*

*Reimbursement of Expenses for the Period from February 1, 2020 through February 29, 2020*

(the "Application").  By this Application, Paul Hastings seeks allowance and payment pursuant

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986).  The debtors' corporate headquarters is located at 3520 Spirit Drive SE, Albuquerque, NM 87106.

to the Interim Compensation Order with respect to the sums of $55,823.95 (80% of which is $44,659.16) as compensation and $115.38 for reimbursement of actual and necessary expenses for a total of $55,939.33 for the period from February 1, 2020 through and including February 29, 2020 (the "Fee Period").  In support of this Application, Paul Hastings respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), Paul Hastings consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On October 9, 2018 (the "Petition Date"), the Debtors filed voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On October 22, 2018, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

4.    The Court authorized Paul Hastings' retention as attorneys for the Debtors pursuant to the *Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to the Debtors,* Nunc Pro Tunc *to the Petition Date* [Docket No. 166] (the "Retention Order"), entered on November 16, 2018.

5.    On September 18, 2019, the Court entered an order [Docket No. 707] confirming the *Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization (as Modified) for ONE Aviation Corporation and Its Debtor Affiliates* [Docket No. 707, Ex. A] (as modified, amended, or supplemented).

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

6.    By this Application, Paul Hastings requests allowance and payment for professional services rendered to the Debtors during the Fee Period in the amount of $55,823.95 (80% of which is $44,659.16) and allowance and payment of $115.38 as reimbursement of actual and necessary expenses incurred by Paul Hastings during the Fee Period.  All services for which compensation is requested by Paul Hastings were performed for or on behalf of the Debtors.

7.    During the Fee Period, Paul Hastings received no payment or any promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Paul Hastings and any other person, other than the attorneys and employees of Paul Hastings, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

8.      Other than the firm's voluntary fee reductions,[2] the fees charged by Paul Hastings in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period and in accordance with the Retention Order.  The rates Paul Hastings charged for the services rendered by its professionals and paraprofessionals during the Fee Period are no greater than the rates Paul Hastings charged for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Paul Hastings' fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

9.      To the best of Paul Hastings' knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, and the Interim Compensation Order.  To the extent necessary, Paul Hastings requests a waiver for cause shown of any such requirement not met by this Application.

10.     Paul Hastings maintains computerized records of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Debtors. Annexed hereto as **Exhibit A** is a true and correct copy of Paul Hastings' fee statement for services performed for the Debtors during the Fee Period.  Paul Hastings' time records comply with the requirements set forth in Local Rule 2016-2 and the *Department of Justice Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases*, including the use of itemized time entries and separate project categories, as described below in greater detail.

---

[2]      Paul Hastings voluntarily reduced its fees on account of timekeepers who billed less than 5.0 hours during the Fee Period, with associated fees aggregating $12,968.00.  As an additional accommodation to the Debtors, Paul Hastings is not seeking payment of $23,924.00.

## SUMMARY OF SERVICES RENDERED

11.     Paul Hastings' primary focus has been to move the Debtors through the bankruptcy process in an efficient, timely, and value-maximizing manner.  The services rendered by Paul Hastings during the Fee Period are grouped into the categories set forth in **Exhibit A**. The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in **Exhibit A** attached hereto.

12.     The professional services set forth in **Exhibit A** (i) were necessary and appropriate to the administration of the Chapter 11 Cases, (ii) were in the best interests of the Debtors, the estates, and their stakeholders, and (iii) were provided without unnecessary duplication of effort or expense.  Compensation for the services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed skillfully and efficiently.

## VALUATION OF SERVICES

13.     Nearly all of the services during the Fee Period were rendered by Paul Hastings' corporate and restructuring attorneys.  With dozens of attorneys specializing in this area of law, Paul Hastings has a preeminent practice and enjoys a national reputation for its expertise in financial reorganization and restructuring of troubled entities.  Paul Hastings brings to the Chapter 11 Cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

14.     Paul Hastings has been involved in a meaningful way in all facets of the Debtors' chapter 11 cases and continues to fulfill its duties in representing the Debtors.  Paul Hastings submits that in view of its integral role in every aspect of the Chapter 11 Cases, its request for compensation and reimbursement of expenses is reasonable and warranted.

15.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Paul Hastings respectfully submits that the amount requested here is fair and reasonable given (i) the complexity of the Chapter 11 Cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under this title.

### ACTUAL AND NECESSARY DISBURSEMENTS

16.     Paul Hastings requests allowance of actual and necessary expenses incurred during the Fee Period in the aggregate amount of $115.38.  Annexed hereto as **Exhibit B** is a summary of such expenses.  Paul Hastings' disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Paul Hastings charges $0.08 per black and white page and $0.50 per color page because the actual cost is difficult to determine.  Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hardbound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.  Other reimbursable expenses (whether the service is performed by Paul Hastings in-house or through a third-party vendor) include, but are not limited to, overtime meals, deliveries, travel, and local transportation.  Paul Hastings does not charge its clients for incoming facsimile transmissions, and all travel expenses are billed at coach fare rates.[3]

17.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Debtors.  These

---

[3]     Paul Hastings' computerized billing system records certain expenses, such as telephone, courier, and online research charges, without identifying the individual incurring the expense, and Paul Hastings respectfully requests that the Court waive Paul Hastings' compliance with Local Rule 2016-2(e)(ii).

extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from parties involved in the matter, and satisfy the Debtors' needs and demands. Consistent with firm policy, attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

18.     Paul Hastings believes its billing arrangements for expenses incurred are customary and market among large law firms.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's *Statement of Principles*, dated January 12, 1995, regarding billing for disbursements and other charges.

## RESERVATION

19.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Fee Period, but were not processed before the preparation of, or included in, this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, Paul Hastings reserves the right to request compensation for such services and reimbursement of such expenses in a supplemental or future application.

20.     As a courtesy to the Debtors, Paul Hastings is not seeking payment at this time for the services of those timekeepers who billed less than 5.0 hours during the Fee Period, with associated fees aggregating $12,968.00.  As an additional accommodation to the Debtors, Paul

Hastings has agreed at this time to not seek payment of $23,924.55 of the $92,716.50 total

compensation earned during the Fee Period, with a combined amount of reduced fees

aggregating $36,892.55 ($23,924.55 plus the $12,968.00 reduction of fees on account of

timekeepers who billed less than 5.0 hours during the Fee Period).  The time billed by these

timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance of these fees

based on the facts and circumstances of these cases, including, without limitation, if objections

are interposed to the allowance of Paul Hastings' fees and expenses.

### NOTICE

21.     Notice of this Application shall be provided in accordance with the Interim

Compensation Order to (i) the Debtors; (ii) counsel to the Debtors; (iii) counsel to the DIP

Agent; (iv) counsel to Citiking International US, LLC; (v) counsel to Cantor Fitzgerald

Securities; (vi) the U.S. Trustee; (vii) counsel to the Committee; and (viii) any party that requests

service pursuant to Bankruptcy Rule 2002.  Paul Hastings submits that, in light of the nature of

the relief requested, no other or further notice need be given.

**WHEREFORE**, Paul Hastings respectfully requests (i) interim allowance of

compensation for professional services rendered to the Debtors during the Fee Period in the

amount of $55,823.95 and for expenses incurred by Paul Hastings during the Fee Period the

amount of $115.38, for a total of $55,939.33, (ii) payment of $44,659.16 (representing 80% of

the total amount of fees allowed) and $115.38 (representing 100% of the expenses allowed) for a

total payment of $44,774.54 in accordance with the Interim Compensation Order, (iii) that

allowing such compensation for professional services rendered and reimbursement of actual and

necessary expenses incurred be without prejudice to Paul Hastings' right to seek further

compensation for the full value of services performed and expenses incurred, and (iv) such other

and further relief as is just.

Dated:  April 14, 2020
        Chicago, IL

*Chris L. Dickerson*
_____
Chris L. Dickerson (admitted *pro hac vice*)
Brendan M. Gage (admitted *pro hac vice*)
Nathan S. Gimpel (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

- and -

Todd M. Schwartz (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
1117 S. California Avenue
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

*Counsel to the Debtors and Debtors in Possession*

## **CERTIFICATION**

I, Chris L. Dickerson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

      a.      I am an attorney with the applicant firm, Paul Hastings LLP, and have been admitted to the bar of the state of Illinois since 1998.

      b.      I have personally performed many of the legal services rendered by Paul Hastings as counsel to the Debtors and am familiar with the other work performed on behalf of the Debtors in their chapter 11 cases by the lawyers and paraprofessionals in the firm.

      c.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such rule.

I, Chris L. Dickerson, declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

Dated:  April 14, 2020
      Chicago, IL               *Chris L. Dickerson*
                                Chris L. Dickerson (admitted *pro hac vice*)

## **EXHIBIT A**

## **FEE STATEMENTS FOR THE FEE PERIOD**
(attached)

| Invoice number | Period Covered | Requested Fees | Requested Expenses |
|---|---|---|---|
| 2229054 | February 1 - 29, 2020 | $55,823.95 (80% of which is $44,659.16) | $115.38 |
| 2229055 | February 1 - 29, 2020 | $0.00 (80% of which is $0.00) | $0.00 |



**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor, Chicago, IL 60606
t: +1.312.499.6000 | f: +1.312.499.6100 | www.paulhastings.com

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, NM 87106

April 3, 2020

Please Refer to
Invoice Number: 2229054

Attn: Michael Wyse

PH LLP Tax ID No. 95-2209675

---

## SUMMARY SHEET

**Restructuring**
PH LLP Client/Matter # 98234-00002
Chris L. Dickerson

| | |
|---|---:|
| Legal fees for professional services for the period ending February 28, 2020 | $79,748.50 |
| Costs incurred and advanced | 115.38 |
| **Current Fees and Costs Due** | **$79,863.88** |
| **Total Balance Due - Due Upon Receipt** | **$79,863.88** |

We encourage our clients to pay via ACH, however, in the event that you pay by check, please send payment to the remittance address below:

***TO PROTECT AGAINST FRAUD**, the Firm will not change its wiring instructions via email. We strongly encourage clients to confirm any change in wiring instructions by contacting Teri Goffredo @ 213-683-5045 or via email @ terigoffredo@paulhastings.com and requesting written and verbal confirmation.*

**Wiring and ACH Instructions:**
  Citibank
  ABA # 322271724
  SWIFT Address:  CITIUS33
  787 W. 5th Street
  Los Angeles, CA  90071
  Account Number: 206628380
  Account Name: Paul Hastings LLP

**Remittance Address:**
  Paul Hastings LLP
  Lockbox 4803
  PO Box 894803
  Los Angeles, CA  90189-4803

*For wires, please reference the invoice, client and matter number(s) being paid*
*For ACH payments, please use the CTX format and/or send any remittances to cashepn@paulhastings.com. This is a no-reply mailbox*
*Please refer all questions to billing@paulhastings.com*



**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor, Chicago, IL 60606
t: +1.312.499.6000 | f: +1.312.499.6100 | www.paulhastings.com

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, NM 87106

April 3, 2020

Please Refer to
Invoice Number: 2229054

Attn: Michael Wyse

PH LLP Tax ID No. 95-2209675

---

## REMITTANCE COPY

**Restructuring**
PH LLP Client/Matter # 98234-00002
Chris L. Dickerson

| | |
|---|---:|
| Legal fees for professional services for the period ending February 28, 2020 | $79,748.50 |
| Costs incurred and advanced | 115.38 |
| **Current Fees and Costs Due** | **$79,863.88** |
| **Total Balance Due - Due Upon Receipt** | **$79,863.88** |

We encourage our clients to pay via ACH, however, in the event that you pay by check, please send payment to the remittance address below:

***TO PROTECT AGAINST FRAUD**, the Firm will not change its wiring instructions via email. We strongly encourage clients to confirm any change in wiring instructions by contacting Teri Goffredo @ 213-683-5045 or via email @ terigoffredo@paulhastings.com and requesting written and verbal confirmation.*

**Wiring and ACH Instructions:**
  Citibank
  ABA # 322271724
  SWIFT Address:  CITIUS33
  787 W. 5th Street
  Los Angeles, CA  90071
  Account Number: 206628380
  Account Name: Paul Hastings LLP

```
Remittance Address:
  Paul Hastings LLP
  Lockbox 4803
  PO Box 894803
  Los Angeles, CA  90189-4803
```

*For wires, please reference the invoice, client and matter number(s) being paid*
*For ACH payments, please use the CTX format and/or send any remittances to cashepn@paulhastings.com. This is a no-reply mailbox*
*Please refer all questions to billing@paulhastings.com*



**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor, Chicago, IL 60606
t: +1.312.499.6000 | f: +1.312.499.6100 | www.paulhastings.com

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, NM 87106

April 3, 2020

Please Refer to
Invoice Number: 2229054

Attn: Michael Wyse

PH LLP Tax ID No. 95-2209675

FOR PROFESSIONAL SERVICES RENDERED
for the period ending February 28, 2020

**Restructuring**

**$79,748.50**

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B155** | **Court Hearings** | | | | |
| 02/04/2020 | CLD3 | Attend status conference regarding effective date (.7); conference with N. Gimpel regarding same (.2) | 0.90 | 1,285.00 | 1,156.50 |
| 02/04/2020 | NG1 | Attend court status conference regarding plan effectuation (.7); conference with C. Dickerson regarding same (.2); follow up with J. Chapman (Young Conaway) regarding same, related matters (.2); review, analyze issues regarding same (.4) | 1.50 | 1,005.00 | 1,507.50 |
| | | **Subtotal: B155  Court Hearings** | **2.40** | | **2,664.00** |
| **B160** | **Fee/Employment Applications** | | | | |
| 02/03/2020 | KAT2 | Draft Paul Hastings monthly fee application for December 2019 services | 0.30 | 860.00 | 0.00 |
| 02/03/2020 | RAD1 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines | 2.70 | 675.00 | 1,822.50 |

ONE Aviation Corporation                                                                        Page 2
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/04/2020 | MC29 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines | 0.50 | 635.00 | 317.50 |
| 02/05/2020 | RAD1 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines (2.2); correspond with C. Edge regarding same (.3) | 2.50 | 675.00 | 1,687.50 |
| 02/06/2020 | KAT2 | Draft supplement to third interim fee application (.4); correspond with R. Dixon regarding same (.3); correspond with C. Edge regarding same (.1); telephone conference with R. Dixon and C. Edge regarding same (.3) | 1.10 | 860.00 | 0.00 |
| 02/06/2020 | RAD1 | Review, analyze Paul Hastings' December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines (1.8); review, revise supplement to third interim fee application (1.8); telephone conference with K. Traxler and C. Edge regarding same (.3) | 3.90 | 675.00 | 2,632.50 |
| 02/07/2020 | RAD1 | Review, revise Paul Hastings supplement to third interim fee application (1.2); correspond with C. Dickerson regarding same (.2); correspond with C. Edge regarding same (.2) | 1.60 | 675.00 | 1,080.00 |
| 02/10/2020 | BG12 | Review and analyze Paul Hastings supplement to third interim fee application (.1); correspond with R. Dixon regarding revision to same (.1) | 0.20 | 1,035.00 | 0.00 |
| 02/10/2020 | MC29 | Draft Paul Hastings supplement to fourth interim fee application (2.5); conference with R. Dixon and C. Edge about same (.4) | 2.90 | 635.00 | 1,841.50 |

ONE Aviation Corporation                                                                    Page 3
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/10/2020 | RAD1 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines (1.6); correspond with C. Edge regarding same (.1); review, revise Paul Hastings supplement to the third interim fee application (.6); conference with M. Cardin and C. Edge regarding same (.4); draft Paul Hastings supplement to the fourth interim fee application (1.1) | 3.80 | 675.00 | 2,565.00 |
| 02/11/2020 | MC29 | Review, revise supplement to Paul Hastings fifth interim fee application | 1.40 | 635.00 | 889.00 |
| 02/13/2020 | KAT2 | Draft supplement to fifth interim fee application (.9); correspond with R. Dixon regarding same (.1) | 1.00 | 860.00 | 0.00 |
| 02/13/2020 | MC29 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines | 0.70 | 635.00 | 444.50 |
| 02/13/2020 | RAD1 | Review, analyze Paul Hastings December 2019 invoice for confidentiality and compliance with U.S. Trustee guidelines (1.2); correspond with N. Gimpel regarding same (.1); correspond with M. Cardin regarding same (.1); review, revise supplement to fifth interim fee application (.6); correspond with K. Traxler regarding same (.1) | 2.10 | 675.00 | 1,417.50 |
| 02/14/2020 | MC29 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines (.2); correspond with C. Edge about same (.1) | 0.30 | 635.00 | 190.50 |
| 02/18/2020 | KAT2 | Draft supplement to fifth interim fee application (.3); draft monthly fee application for January 2020 services and expenses (.3) | 0.60 | 860.00 | 0.00 |

ONE Aviation Corporation                                                                 Page 4
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/18/2020 | MC29 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines (.6); draft Paul Hastings December 2019 fee application (.6); correspond with C. Edge and R. Dixon about same (.3) | 1.50 | 635.00 | 952.50 |
| 02/18/2020 | NG1 | Review, analyze Paul Hastings invoices for confidentiality and compliance with U.S. Trustee guidelines (1.6); correspond with R. Dixon and M. Cardin regarding same (.2) | 1.80 | 1,005.00 | 1,809.00 |
| 02/18/2020 | RAD1 | Review, analyze Paul Hastings December 2019 invoices for confidentiality and compliance with U.S. Trustee guidelines (.7); correspond with M. Cardin regarding same (.2) | 0.90 | 675.00 | 607.50 |
| 02/19/2020 | MC29 | Draft Paul Hastings December 2019 fee application (2.2); correspond with C. Edge about same (.3) | 2.50 | 635.00 | 1,587.50 |
| 02/19/2020 | RAD1 | Correspond with M. Cardin regarding Paul Hastings December 2019 fee application (.2); review, revise same (.6) | 0.80 | 675.00 | 540.00 |
| 02/20/2020 | KAT2 | Correspond with N. Gimpel regarding professional compensation matters (.1); draft sixteenth monthly fee application (.5); correspond with R. Dixon regarding same (.1) | 0.70 | 860.00 | 0.00 |
| 02/20/2020 | MC29 | Review, revise December 2019 fee application (1.5); correspond with C. Edge and R. Dixon regarding same (.4); review, revise supplement to fourth interim fee application (.9); correspond with C. Edge and R. Dixon regarding same (.2) | 3.00 | 635.00 | 1,905.00 |
| 02/20/2020 | NG1 | Correspond with Paul Hastings team regarding Paul Hastings fee applications (.3); correspond with C. Dickerson and T. Schwartz regarding follow-up (.2) | 0.50 | 1,005.00 | 502.50 |

ONE Aviation Corporation                                                                 Page 5
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/21/2020 | KAT2 | Correspond with R. Dixon regarding monthly fee application for December 2019 services (.1); correspond with R. Dixon regarding supplement to fourth interim fee application (.2) | 0.30 | 860.00 | 0.00 |
| 02/21/2020 | MC29 | Review, analyze Paul Hastings supplement to fourth interim fee application (.9); correspond with C. Edge and R. Dixon about same (.4). review, analyze January 2020 fee invoices for confidentiality, compliance with U.S. Trustee guidelines (1.4); correspond with R. Dixon and C. Edge regarding same (.4) | 3.10 | 635.00 | 1,968.50 |
| 02/21/2020 | NG1 | Review, revise certificate of no objections regarding Paul Hastings fee applications | 0.30 | 1,005.00 | 301.50 |
| 02/21/2020 | RAD1 | Draft certificate of no objection regarding Paul Hastings October and November 2019 fee applications (.7); correspond with N. Gimpel, T. Schwartz and C. Dickerson regarding same (.3); review, revise Paul Hastings supplement to the fourth interim fee application (2.4); correspond with T. Schwartz and C. Dickerson regarding same (.2); review, revise Paul Hastings December 2019 fee application (1.6); correspond with T. Schwartz and C. Dickerson regarding same (.3) | 5.50 | 675.00 | 3,712.50 |
| 02/23/2020 | MC29 | Draft and revise Paul Hastings supplement to fifth interim fee application | 2.00 | 635.00 | 1,270.00 |
| 02/24/2020 | MC29 | Review, analyze January 2020 invoices for confidentiality and compliance with U.S. Trustee guidelines (1.8); correspond with R. Eck regarding same (.4); draft, analyze Paul Hastings supplement to fifth interim fee application (.6); correspond with C. Edge regarding same (.2) | 3.00 | 635.00 | 1,905.00 |

ONE Aviation Corporation                                                                        Page 6
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/24/2020 | RAD1 | Correspond with T. Schwartz regarding Paul Hastings December 2019 fee application and supplement to the fourth interim fee application (.4); correspond with C. Dickerson regarding same (.2); review, revise same (1.8); correspond with Board regarding same (.2); correspond with M. Cardin regarding same (.1); correspond with Young Conaway team regarding same (.1); telephone conference with J. Sazant (Young Conaway) regarding same (.2) | 3.00 | 675.00 | 2,025.00 |
| 02/25/2020 | KAT2 | Review, revise supplement to fifth interim fee application (.6); correspond with C. Edge regarding same (.1); telephone conference with C. Edge regarding same (.2) | 0.90 | 860.00 | 0.00 |
| 02/25/2020 | MC29 | Review, revise Paul Hastings supplement to fifth interim fee application | 2.80 | 635.00 | 1,778.00 |
| 02/25/2020 | RAD1 | Review, analyze Paul Hastings January 2020 invoices for confidentiality and compliance with U.S. Trustee guidelines (1.3); correspond with M. Cardin regarding same (.2); correspond with C. Edge regarding same (.1); correspond with J. Mulligan regarding same (.1); review, revise Paul Hastings supplement to the fifth interim fee application (.4) | 2.10 | 675.00 | 1,417.50 |
| 02/26/2020 | MC29 | Correspond with C. Edge and R. Dixon about Paul Hastings January 2020 fee invoices | 0.30 | 635.00 | 190.50 |
| 02/26/2020 | RAD1 | Review, analyze Paul Hastings January 2020 invoices for confidentiality and compliance with U.S. Trustee guidelines | 1.50 | 675.00 | 1,012.50 |
| 02/27/2020 | MC29 | Correspond with R. Dixon regarding Paul Hastings supplement to fifth interim fee application | 0.10 | 635.00 | 63.50 |
| | | **Subtotal: B160  Fee/Employment Applications** | **62.20** | | **38,436.50** |

ONE Aviation Corporation                                                                Page 7
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B215** | **Regulatory Matters** | | | | |
| 02/01/2020 | RVJ | Correspond with H. Flynn regarding CFIUS certification | 0.10 | 1,005.00 | 0.00 |
| 02/03/2020 | RVJ | Correspond with Board regarding CFIUS certification | 0.10 | 1,005.00 | 0.00 |
| 02/03/2020 | RPS2 | Review, analyze CFIUS issues | 0.20 | 1,210.00 | 0.00 |
| 02/05/2020 | HF1 | Correspond with S. Flicker, R. Silvers and R. Johnston regarding CFIUS issues | 0.20 | 675.00 | 0.00 |
| 02/05/2020 | RVJ | Correspond with S. Flicker, H. Flynn regarding CFIUS-related transaction | 0.30 | 1,005.00 | 0.00 |
| 02/05/2020 | RPS2 | Review, analyze issues regarding CFIUS matters | 0.30 | 1,210.00 | 0.00 |
| 02/06/2020 | HF1 | Correspond with R. Silvers regarding CFIUS notice | 0.20 | 675.00 | 0.00 |
| 02/06/2020 | RVJ | Review, analyze issues regarding outreach from CFIUS | 0.20 | 1,005.00 | 0.00 |
| 02/06/2020 | RPS2 | Correspond with WSGR team regarding CFIUS issues | 0.20 | 1,210.00 | 0.00 |
| 02/07/2020 | RVJ | Review, analyze status of CFIUS review | 0.10 | 1,005.00 | 0.00 |
| 02/10/2020 | RVJ | Correspond with Board, Paul Hastings team, WSGR team, and CFIUS representatives regarding CFIUS case (.3); analyze issues regarding same (.2) | 0.50 | 1,005.00 | 0.00 |
| 02/10/2020 | RPS2 | Correspond with Board and CFIUS representatives regarding CFIUS review | 0.20 | 1,210.00 | 0.00 |
| 02/12/2020 | HF1 | Draft certification for CFIUS | 0.30 | 675.00 | 0.00 |
| 02/12/2020 | RVJ | Correspond and conference with S. Serfling, R. Silvers, H. Flynn, WSGR team and CFIUS representatives regarding final CFIUS certifications (.4); analyze issues regarding same (.7) | 1.10 | 1,005.00 | 0.00 |
| 02/12/2020 | RPS2 | Correspond with Board and WSGR team regarding CFIUS issues (.4); review, analyze same (.2) | 0.60 | 1,210.00 | 0.00 |
| 02/21/2020 | RPS2 | Review, analyze CFIUS issues | 0.20 | 1,210.00 | 0.00 |

ONE Aviation Corporation                                                                              Page 8
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/24/2020 | RVJ | Correspond with S. Serfling, J. Hansen, R. Silvers, T. Schwartz, H. Flynn, CFIUS representatives and WSGR team regarding CFIUS clearance of transaction (.4); analyze issues regarding same, plan effectuation (.2) | 0.60 | 1,005.00 | 0.00 |
| 02/24/2020 | RPS2 | Review and analyze CFIUS close out issues | 0.70 | 1,210.00 | 0.00 |
| | | **Subtotal: B215  Regulatory Matters** | **6.10** | | **0.00** |

**B230     Financing/Cash Collections**

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/03/2020 | HS5 | Review, analyze draft exit facility documents (.7); draft issues list regarding same (.2) | 0.90 | 1,160.00 | 0.00 |
| 02/03/2020 | NG1 | Review, analyze exit facility loan documents (.6); correspond with PH team regarding same (.3) | 0.90 | 1,005.00 | 904.50 |
| 02/04/2020 | MES9 | Review, revise credit agreement, aircraft security agreement, pledge agreement, exhibits, solvency certificate, information certificate, form of joinder, form of assignment agreement, board observer letter, opinion and other closing deliveries (5.4); conference with N. Gimpel regarding same (.2) | 5.60 | 1,235.00 | 6,916.00 |
| 02/04/2020 | NG1 | Correspond with Paul Hastings team regarding exit financing (.4); review, analyze issues regarding same (.5); conference with M. Sweeney regarding same (.2) | 1.10 | 1,005.00 | 1,105.50 |
| 02/05/2020 | CLD3 | Telephone conference with Citiking counsel and N. Gimpel regarding exit debt documents | 0.20 | 1,285.00 | 257.00 |
| 02/05/2020 | NG1 | Telephone conference with C. Dickerson and Citiking counsel regarding exit debt documents | 0.20 | 1,005.00 | 201.00 |

ONE Aviation Corporation                                                        Page 9
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/07/2020 | RAD1 | Draft DIP variance report (.4); correspond with C. Edge regarding same (.1); correspond with B. Yano (Ernst & Young) regarding same (.1); correspond with J. Chapman (Young Conaway) regarding same (.1); correspond with N. Gimpel regarding same (.1); correspond with C. Dickerson regarding same (.1); correspond with Board regarding same (.1); correspond with R. Lu (Citiking counsel) regarding same (.1) | 1.10 | 675.00 | 742.50 |
| 02/14/2020 | NG1 | Correspond with R. Dixon regarding budget estimates for DIP lender | 0.20 | 1,005.00 | 201.00 |
| 02/14/2020 | RAD1 | Draft DIP budget report (.5); correspond with Young Conaway team regarding same (.1); correspond with Ernst & Young team regarding same (.1); correspond with N. Gimpel regarding same (.1); correspond with C. Dickerson regarding same (.1); correspond with Board regarding same (.1); correspond with R. Lu (Citiking counsel) regarding same (.1) | 1.10 | 675.00 | 742.50 |
| 02/21/2020 | RAD1 | Draft DIP variance report (.5); correspond with Young Conaway regarding same (.1); correspond with Ernst & Young regarding same (.1); correspond with N. Gimpel regarding same (.1); correspond with C. Dickerson regarding same (.1); correspond with Board regarding same (.1); correspond with R. Lu (Citiking counsel) regarding same (.1) | 1.10 | 675.00 | 742.50 |
| 02/28/2020 | RAD1 | Draft DIP budget (.6); correspond with N. Gimpel regarding same (.1); correspond with C. Dickerson regarding same (.1); correspond with B. Yano (Ernst & Young) regarding same (.1); correspond with J. Chapman (Young Conaway) regarding same (.1); correspond with Board regarding same (.1) | 1.10 | 675.00 | 742.50 |
| | | **Subtotal: B230  Financing/Cash Collections** | **13.50** | | **12,555.00** |

ONE Aviation Corporation                                                      Page 10
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B310** | | **Claims Administration and Objections** | | | |
| 02/03/2020 | NG1 | Review, analyze claims issues | 0.30 | 1,005.00 | 301.50 |
| | | **Subtotal: B310  Claims Administration and Objections** | **0.30** | | **301.50** |
| | | | | | |
| **B320** | | **Plan and Disclosure Statement (including Business Plan)** | | | |
| 02/02/2020 | NG1 | Review, analyze issues regarding plan effectuation | 0.50 | 1,005.00 | 502.50 |
| 02/03/2020 | CLD3 | Correspond with J. Carroll, H. Hounivar, R. Lu and W. Jung regarding post-confirmation issues (.4); review, analyze issues regarding plan transactions (1.3) | 1.70 | 1,285.00 | 2,184.50 |
| 02/04/2020 | CLD3 | Correspond with J. Carroll, A. Klapmeier, R. Lu and J. Hesson regarding post-confirmation issues (.5); review, analyze issues regarding plan transactions (1.8) | 2.30 | 1,285.00 | 2,955.50 |
| 02/05/2020 | CLD3 | Correspond with J. Carroll, A. Klapmeier, R. Lu and J. Hesson regarding post-confirmation issues (.4); analyze issues regarding same (1.4) | 1.80 | 1,285.00 | 2,313.00 |
| 02/06/2020 | CLD3 | Conference with J. Carroll and R. Lu regarding post-confirmation issues | 0.20 | 1,285.00 | 257.00 |
| 02/06/2020 | NG1 | Correspond with J. Carroll regarding plan effectuation issues (.2); review, analyze same (.4); correspond with R. Dixon regarding same (.2) | 0.80 | 1,005.00 | 804.00 |
| 02/07/2020 | CLD3 | Conference with J. Carroll regarding post-confirmation issues | 0.20 | 1,285.00 | 257.00 |
| 02/10/2020 | CLD3 | Conference with J. Carroll, A. Klapmeier, Y. Liu and H. Wang regarding post-confirmation issues | 0.20 | 1,285.00 | 257.00 |
| 02/12/2020 | NG1 | Review, analyze plan effectuation issues | 1.30 | 1,005.00 | 1,306.50 |
| 02/13/2020 | CLD3 | Correspond with J. Carroll regarding post-confirmation issues | 0.30 | 1,285.00 | 385.50 |

ONE Aviation Corporation                                                          Page 11
98234-00002
Invoice No. 2229054

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/13/2020 | NG1 | Correspond with C. Dickerson regarding plan effectuation issues (.3); review, analyze same (.2) | 0.50 | 1,005.00 | 502.50 |
| 02/14/2020 | CLD3 | Correspond with J. Carroll and R. Dixon regarding post-confirmation issues | 0.30 | 1,285.00 | 385.50 |
| 02/15/2020 | CLD3 | Conference with J. Carroll regarding post-confirmation issues, plan transactions | 0.30 | 1,285.00 | 385.50 |
| 02/18/2020 | NG1 | Correspond with J. Hesson (von Briesen) regarding corporate documents needed to effect plan (.3); review, analyze issues regarding related matters (.6) | 0.90 | 1,005.00 | 904.50 |
| 02/19/2020 | NG1 | Correspond with N. Bassett regarding effective date matters (.3); review, analyze issues regarding same (1.2) | 1.50 | 1,005.00 | 1,507.50 |
| 02/20/2020 | CLD3 | Correspond with N. Gimpel regarding post-confirmation issues | 0.30 | 1,285.00 | 385.50 |
| 02/21/2020 | NG1 | Telephone conference with Company regarding effective date sources and uses of cash (1.6); review, analyze issues regarding same (1.3) | 2.90 | 1,005.00 | 2,914.50 |
| 02/24/2020 | CLD3 | Correspond with J. Carroll, R. Silvers, J. Hesson and R. Dixon regarding post-confirmation issues (.4); analyze issues regarding plan effectuation (.2) | 0.60 | 1,285.00 | 771.00 |
| 02/24/2020 | NG1 | Review, analyze issues regarding plan effectuation (1.3); correspond with J. Carroll regarding same (.4) | 1.70 | 1,005.00 | 1,708.50 |
| 02/25/2020 | CLD3 | Correspond with J. Carroll, A. Klapmeier, Y. Liu and H. Wang (Citiking) regarding post-confirmation issues | 0.30 | 1,285.00 | 385.50 |
| 02/25/2020 | NG1 | Review, analyze plan-effectuation issues (.9); correspond with J. Carroll regarding same (.2) | 1.10 | 1,005.00 | 1,105.50 |
| 02/26/2020 | CLD3 | Correspond with J. Carroll, J. Hesson (von Briesen), N. Gimpel and R. Dixon regarding post-confirmation issues | 0.20 | 1,285.00 | 257.00 |
| 02/27/2020 | CLD3 | Correspond with J. Carroll, J. Hesson (von Breisen), N. Gimpel and R. Dixon regarding post-confirmation issues | 0.20 | 1,285.00 | 257.00 |

ONE Aviation Corporation
98234-00002
Invoice No. 2229054

Page 12

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 02/27/2020 | NG1 | Review, analyze issues regarding plan conditions (1.4); correspond with J. Carroll and C. Dickerson regarding same (.4) | 1.80 | 1,005.00 | 1,809.00 |
| 02/28/2020 | CLD3 | Correspond with J. Carroll, N. Gimpel and R. Dixon regarding post-confirmation issues | 0.30 | 1,285.00 | 385.50 |
| 02/28/2020 | NG1 | Correspond with J. Carroll regarding effecting plan transactions (.2); review, analyze issues regarding same (.7) | 0.90 | 1,005.00 | 904.50 |
| | | **Subtotal: B320  Plan and Disclosure Statement (including Business Plan)** | **23.10** | | **25,791.50** |

| | | | | | |
|---|---|---|---|---|---|
| **Total** | | | **107.60** | | **79,748.50** |

### Timekeeper Summary

| ID | Timekeeper Name | Title | Hours | Rate | Fee |
|-----|------------------|-------|-------|------|-----|
| CLD3 | Chris L. Dickerson | Partner | 10.30 | 1,285.00 | 13,235.50 |
| MES9 | Maureen E. Sweeney | Partner | 5.60 | 1,235.00 | 6,916.00 |
| RPS2 | Robert P. Silvers | Partner | 2.40 | 1,210.00 | 0.00 |
| HS5 | Holly Snow | Partner | 0.90 | 1,160.00 | 0.00 |
| KAT2 | Katherine A. Traxler | Of Counsel | 4.90 | 860.00 | 0.00 |
| NG1 | Nathan S. Gimpel | Associate | 20.70 | 1,005.00 | 20,803.50 |
| RAD1 | Robert A. Dixon | Associate | 34.80 | 675.00 | 23,490.00 |
| MC29 | Max Cardin | Associate | 24.10 | 635.00 | 15,303.50 |
| HF1 | Holly Suzanna Flynn | Associate | 0.70 | 675.00 | 0.00 |
| RVJ | Randall V. Johnston | Associate | 3.00 | 1,005.00 | 0.00 |
| BG12 | Brendan Gage | Associate | 0.20 | 1,035.00 | 0.00 |

ONE Aviation Corporation
98234-00002
Invoice No. 2229054

Page 13

**Costs incurred and advanced**

| Date | Description | Quantity | Rate | Amount |
|------|-------------|----------|------|--------|
| 02/18/2020 | Local - Meals - Robert Dixon; 01/29/2020; Restaurant: Chick-fil-A; City: Chicago; Dinner; Number of people: 1; Working Late | | | 9.88 |
| 02/28/2020 | Local - Meals - Max Cardin; 02/23/2020; Restaurant: Old Crow; City: Chicago; Dinner; Number of people: 1; Late work | | | 20.00 |
| 02/21/2020 | Lexis/On Line Search | | | 85.50 |
| **Total Costs incurred and advanced** | | | | **$115.38** |

| | |
|--|--|
| **Current Fees and Costs** | **$79,863.88** |
| **Total Balance Due - Due Upon Receipt** | **$79,863.88** |



**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor, Chicago, IL 60606
t: +1.312.499.6000 | f: +1.312.499.6100 | www.paulhastings.com

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, NM 87106

April 3, 2020

Please Refer to
Invoice Number: 2229055

Attn: Michael Wyse

PH LLP Tax ID No. 95-2209675

---

## SUMMARY SHEET

**Gould Adversary**
PH LLP Client/Matter # 98234-00004
Chris L. Dickerson

Legal fees for professional services
for the period ending February 29, 2020                              $0.00

**Current Fees and Costs Due**

**Total Balance Due - Due Upon Receipt**

---

We encourage our clients to pay via ACH, however, in the event that you pay by check, please send payment to the remittance address below:

***TO PROTECT AGAINST FRAUD***, *the Firm will not change its wiring instructions via email.  We strongly encourage clients to confirm any change in wiring instructions by contacting Teri Goffredo @ 213-683-5045 or via email @ terigoffredo@paulhastings.com and requesting written and verbal confirmation.*

**<u>Wiring and ACH Instructions</u>:**
  Citibank
  ABA # 322271724
  SWIFT Address:  CITIUS33
  787 W. 5th Street
  Los Angeles, CA  90071
  Account Number: 206628380
  Account Name: Paul Hastings LLP

**<u>Remittance Address</u>:**
  Paul Hastings LLP
  Lockbox 4803
  PO Box 894803
  Los Angeles, CA  90189-4803

*For wires, please reference the invoice, client and matter number(s) being paid*
*For ACH payments, please use the CTX format and/or send any remittances to* cashepn@paulhastings.com. *This is a no-reply mailbox*
*Please refer all questions to* billing@paulhastings.com



**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor, Chicago, IL 60606
t: +1.312.499.6000 | f: +1.312.499.6100 | www.paulhastings.com

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, NM 87106

April 3, 2020

Please Refer to
Invoice Number: 2229055

Attn: Michael Wyse

PH LLP Tax ID No. 95-2209675

---

## REMITTANCE COPY

**Gould Adversary**
PH LLP Client/Matter # 98234-00004
Chris L. Dickerson

Legal fees for professional services
for the period ending February 29, 2020 $0.00

**Current Fees and Costs Due**

**Total Balance Due - Due Upon Receipt**

We encourage our clients to pay via ACH, however, in the event that you pay by check, please send payment to the remittance address below:

***TO PROTECT AGAINST FRAUD***, *the Firm will not change its wiring instructions via email. We strongly encourage clients to confirm any change in wiring instructions by contacting Teri Goffredo @ 213-683-5045 or via email @ terigoffredo@paulhastings.com and requesting written and verbal confirmation.*

**Wiring and ACH Instructions:**
  Citibank
  ABA # 322271724
  SWIFT Address:  CITIUS33
  787 W. 5th Street
  Los Angeles, CA  90071
  Account Number: 206628380
  Account Name: Paul Hastings LLP

**Remittance Address:**
  Paul Hastings LLP
  Lockbox 4803
  PO Box 894803
  Los Angeles, CA  90189-4803

*For wires, please reference the invoice, client and matter number(s) being paid*
*For ACH payments, please use the CTX format and/or send any remittances to cashepn@paulhastings.com. This is a no-reply mailbox*
*Please refer all questions to billing@paulhastings.com*



**PAUL HASTINGS LLP**
71 S. Wacker Drive, Forty-Fifth Floor, Chicago, IL 60606
t: +1.312.499.6000 | f: +1.312.499.6100 | www.paulhastings.com

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, NM 87106

April 3, 2020

Please Refer to
Invoice Number: 2229055

Attn: Michael Wyse

PH LLP Tax ID No. 95-2209675

FOR PROFESSIONAL SERVICES RENDERED
for the period ending February 29, 2020

## Gould Adversary

**$0.00**

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| **B191** | **General Litigation** | | | | |
| 02/03/2020 | NAB | Correspond with S. Gordon (local counsel) regarding litigation update | 0.10 | 1,235.00 | 0.00 |
| 02/10/2020 | NAB | Correspond with S. Gordon (local counsel) regarding litigation (.1); review, analyze issues and cases regarding same (.2) | 0.30 | 1,235.00 | 0.00 |
| 02/11/2020 | NAB | Telephone conference with S. Gordon (local counsel) regarding litigation update | 0.20 | 1,235.00 | 0.00 |
| 02/19/2020 | NAB | Telephone conference to G. McDaniel (Gould counsel) regarding plan effective date and litigation update (.1); correspond with N. Gimpel regarding same (.1); correspond with Special Committee regarding same (.1) | 0.30 | 1,235.00 | 0.00 |
| | | **Subtotal: B191  General Litigation** | **0.90** | | **0.00** |
| | **Total** | | **0.90** | | **0.00** |

ONE Aviation Corporation
98234-00004
Invoice No. 2229055

Page 2

## Timekeeper Summary

| ID | Timekeeper Name | Title | Hours | Rate | Fee |
|----|-----------------|-------|-------|------|-----|
| NAB | Nicholas A. Bassett | Of Counsel | 0.90 | 1,235.00 | 0.00 |

**Current Fees and Costs**

**Total Balance Due - Due Upon Receipt**                                      **$0.00**

## <u>EXHIBIT B</u>

**ACTUAL AND NECESSARY EXPENSES FOR THE FEE PERIOD**

| Expense Category | Amount |
|---|---|
| Computer Search | $85.50 |
| Meals | $29.88 |
| **TOTAL** | **$115.38** |