**EXHIBIT B**

**SALE NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
In re:                                                         :
                                                               :  Chapter 11
ONE AVIATION CORPORATION, *et al.*,[1]                         :
                                                               :  Case No. 18-12309 (CSS)
                                                               :
              Debtors.                                         :  Jointly Administered
---------------------------------------------------------------x

**NOTICE OF SALE HEARING**
**IN CONNECTION WITH THE SALE OF ASSETS OF ONE AVIATION**

    **PLEASE TAKE NOTICE** that, on October 20, 2020, ONE Aviation Corporation and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "Debtors") entered into an Asset Purchase Agreement (the "Purchase Agreement") with AML Global Eclipse LLC, a Delaware limited liability company (the "Buyer"), as more fully set forth in the *Debtors' Motion for Entry of Order (I) Approving Purchase Agreement, (II) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief* [Docket No. ____] (the "Motion")[2] filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on October 20, 2020. The Debtors seek to sell all or substantially all of the Debtors' assets (collectively, the "Purchased Assets") to the Buyer free and clear of Liens or encumbrances as set forth in the Purchase Agreement pursuant to section 363 of the Bankruptcy Code.

    **PLEASE TAKE FURTHER NOTICE** that a hearing to approve the sale of the Purchased Assets to the Buyer (the "Sale Hearing"), and approve the other relief requested in the Motion, shall take place on **[●], 2020 at [__:__ _.m.] (prevailing Eastern Time)** before the Honorable Christopher S. Sontchi, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court or by notice of adjournment or hearing agenda filed on the docket of the Chapter 11 Cases. **[Objections, if any, to the Motion shall be made at or prior to the Sale Hearing]**.

    **PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the full terms and conditions of the Motion, which shall control in the event of any conflict, and the Debtors' encourage parties in interest to review such documents in their entirety. A copy of the Motion and the Purchase Agreement, in addition to any related documents that may be filed in these chapter 11 cases, may be obtained free of charge from the Debtors' claims and notice agent, Epiq Bankruptcy Solutions, LLC by calling (855) 255-4838 or by visiting http://dm.epiq11.com/Oneaviation.

**CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION**

    **ANY PARTY OR ENTITY WHO FAILS TO OBJECT TO THE SALE SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE PURCHASED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AFFECTED THEREUNDER.**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The debtors' corporate headquarters is located at 3520 Spirit Drive SE, Albuquerque, NM 87106.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

**NO SUCCESSOR OR TRANSFEREE LIABILITY**

The proposed Sale Order provides that the Buyer in the Sale will have no responsibility for, and the assets will be sold free and clear of, any successor liability, including the following:

The Buyer shall not be deemed, as a result of any action taken in connection with the Purchase Agreement, the consummation of the Transactions (as defined in the Sale Order) contemplated by the Purchase Agreement, or the transfer or operation of the Purchased Assets, to (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than, for the Buyer, with respect to any obligations as an assignee under the Assigned Agreements arising after the Closing); (b) have, de facto or otherwise, merged with or into the Debtors; or (c) be an alter ego or mere continuation or substantial continuation of the Debtors including, without limitation, within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101 et seq., the Comprehensive Environmental Response Compensation and Liability Act ("**CERCLA**"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act, 29 U.S.C. § 151, et seq., environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under CERCLA, any liabilities, debts or obligations of or required to be paid by the Debtors for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine. Other than as expressly set forth in the Purchase Agreement with respect to Assumed Liabilities, the Buyer shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the Purchased Assets or (b) any remaining Claims (as defined in the Sale Order) against the Debtors or any of their predecessors or affiliates. The Buyer shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the Closing.

Dated: [_____], 2020
       Wilmington, Delaware

| | |
|---|---|
| Chris L. Dickerson (admitted *pro hac vice*) | Robert S. Brady (No. 2847) |
| Brendan M. Gage (admitted *pro hac vice*) | M. Blake Cleary (No. 3614) |
| Nathan S. Gimpel (admitted *pro hac vice*) | Sean M. Beach (No. 4070) |
| **PAUL HASTINGS LLP** | Jaime Luton Chapman (No. 4936) |
| 71 South Wacker Drive, Suite 4500 | Jared W. Kochenash (No. 6557) |
| Chicago, Illinois 60606 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Telephone: (312) 499-6000 | Rodney Square |
| Facsimile: (312) 499-6100 | 1000 North King Street |
| | Wilmington, Delaware 19801 |
| - and - | Telephone: (302) 571-6600 |
| | Facsimile: (302) 571-1253 |
| Todd M. Schwartz (admitted *pro hac vice*) | |
| **PAUL HASTINGS LLP** | |
| 1117 South California Avenue | |
| Palo Alto, California 94304 | |
| Telephone: (650) 320-1800 | |
| Facsimile: (650) 320-1900 | |

*Counsel for the Debtors and Debtors in Possession*