## **EXHIBIT C**

**ASSUMPTION AND ASSIGNMENT NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
ONE AVIATION CORPORATION, *et al.*,[1]                         :   Case No. 18-12309 (CSS)
                                                               :
            Debtors.                                           :   Jointly Administered
                                                               :
---------------------------------------------------------------x

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES ONE AVIATION MAY ASSUME AND ASSIGN**

  **PLEASE TAKE NOTICE** that, on October 20, 2020, ONE Aviation Corporation and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "Debtors") entered into an Asset Purchase Agreement (the "Purchase Agreement") with AML Global Eclipse LLC, a Delaware limited liability company (the "Buyer"), as more fully set forth in the *Debtors' Motion for Entry of Order (I) Approving Purchase Agreement, (II) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief* [Docket No. ____] (the "Motion")[2] filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on October 20, 2020. The Debtors seek to sell all or substantially all of the Debtors' assets (collectively, the "Purchased Assets") to the Buyer free and clear of Liens or encumbrances as set forth in the Purchase Agreement pursuant to section 363 of the Bankruptcy Code.

  **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY (A "CONTRACT PARTY") TO ONE OR MORE CONTRACTS OR LEASES THAT MAY BE EXECUTORY CONTRACTS OR UNEXPIRED LEASES WITH ONE OR MORE OF THE DEBTORS THAT HAS BEEN DESIGNATED AS AN "ASSIGNED CONTRACT" AS SET FORTH ON EXHIBIT 1 ATTACHED HERETO.**[3]

  **PLEASE TAKE FURTHER NOTICE** that the Debtors **may** assume and assign to the Buyer the executory contract(s) or unexpired lease(s) listed on **Exhibit 1** attached hereto

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The debtors' corporate headquarters is located at 3520 Spirit Drive SE, Albuquerque, NM 87106.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[3] This Notice is being sent to counterparties to contracts and leases that may be executory contracts and unexpired leases. This notice is *not* an admission by the Debtors that such contract or lease is executory or unexpired

(collectively, the "Assigned Contracts") to which you are a counterparty.  The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit 1** attached hereto (the "Cure Amount").  **If you object to the proposed assumption and assignment of any of the Assigned Contracts, including the proposed Cure Amount of any Assigned Contracts or the Buyer's ability to provide adequate assurance of future performance with respect to any Assigned Contracts, you must raise an objection with the Bankruptcy Court at or prior to the hearing to hearing to approve the sale of the Purchased Assets to the Buyer (the "Sale Hearing"), which is scheduled for [●], 2020 at [__:__ _.m.] (prevailing Eastern Time)** before the Honorable Christopher S. Sontchi, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, DE  19801, or as soon thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court or by notice of adjournment or hearing agenda filed on the docket of the Chapter 11 Cases.

      **PLEASE TAKE FURTHER NOTICE** that the Debtors propose that if no objection to the Cure Amount(s) is raised at or prior to the Sale Hearing, (i) you will be deemed to have agreed and stipulated that the Cure Amount(s) as determined by the Debtors is correct, and (ii) you shall be forever barred, estopped, and enjoined from asserting any additional cure amount under the Assigned Contract(s).

      **PLEASE TAKE FURTHER NOTICE** that the Debtors propose that if no objection to the proposed assumption and assignment of the Assigned Contracts or to the Buyer's ability to provide adequate assurance of future performance is raised at or prior to the Sale Hearing, you will be forever barred from objecting to the assumption and assignment of the Assigned Contract(s) to the Buyers or to the Buyer's adequate assurance of future performance.

      **PLEASE TAKE FURTHER NOTICE** that with respect to any Assigned Contract assumed and assigned to the Buyer, all Cure Amounts shall be satisfied by payment of the Cure Amounts on the Closing Date (as defined in the Purchase Agreement) or on such other terms as the parties to each such Assigned Contract may otherwise agree without any further notice to or action, order or approval of the Bankruptcy Court.  In addition, the assumption and assignment of each such Assigned Contract may be conditioned upon the disposition of all issues with respect to such Assigned Contract.

      **PLEASE TAKE FURTHER NOTICE THAT** in the event of an objection or dispute regarding:  (a) any Cure Amount with respect to any Assigned Contract; (b) the ability of the Buyer to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code, if applicable, under an Assigned Contract; or (c) any other matter pertaining to assumption and assignment, the Cure Amount shall be paid as soon as reasonably practicable and following the entry of a final order resolving the dispute and approving the assumption and assignment of such Assigned Contract; *provided, however,* that the Debtors may settle any dispute regarding the amount of any Cure Amount or assumption and assignment to the Buyer without any further notice to or action, order or approval of the Bankruptcy Court.

      **PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Purchase Agreement, the Buyer may designate in writing any executory contract or unexpired lease of the Debtors to be assumed and assigned to it under the Purchase Agreement by the Designation Deadline.  The Buyer may add or remove any such contract or lease to be assumed and assigned or excluded and

rejected by amending the Closing Assumed Contract List, as defined under the Purchase Agreement, up until two (2) business days prior to the Closing Date. At the Closing, the Buyer shall pay any proposed Cure Amounts associated with the assumption and assignment of an Assigned Contract. The Buyer shall pay any disputed Cure Amounts as soon as practicable after the entry of an order of the Bankruptcy Court resolving such dispute or pursuant to mutual agreement with the applicable counterparty and entry of an order of the Bankruptcy Court regarding the same. Further, no later than the Designation Deadline (as defined in Section 1.1(tt) of the Purchase Agreement), the Buyer may designate additional executory contracts or unexpired leases of the Debtors, which had not previously been designated for assumption and assignment, to be assumed and assigned to the Buyer notwithstanding the occurrence of the Closing. The Buyer shall pay any proposed Cure Amounts associated with the assumption and assignment of such additional contracts or leases on the earlier of the Closing Date or entry of an order of the Bankruptcy Court regarding the effectiveness of such assumption and assignment or resolving any dispute over Cure Amounts, or pursuant to mutual agreement with the applicable counterparty and entry of an order of the Bankruptcy Court regarding the same.

**PLEASE TAKE FURTHER NOTICE THAT** notwithstanding anything herein, this Notice shall not be deemed to be an assumption, assignment, adoption, rejection, or termination of any of the Assigned Contracts. Moreover, the Debtors explicitly reserve their rights, in their sole discretion, to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and nothing herein (a) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to an Assigned Contract against the Debtors that may arise under such Assigned Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of an counterparty to an Assigned Contract against the Debtors that may arise under such Assigned Contract.

Dated:  [_____], 2020
       Wilmington, Delaware

| | |
|---|---|
| Chris L. Dickerson (admitted *pro hac vice*) | Robert S. Brady (No. 2847) |
| Brendan M. Gage (admitted *pro hac vice*) | M. Blake Cleary (No. 3614) |
| Nathan S. Gimpel (admitted *pro hac vice*) | Sean M. Beach (No. 4070) |
| **PAUL HASTINGS LLP** | Jaime Luton Chapman (No. 4936) |
| 71 South Wacker Drive, Suite 4500 | Jared W. Kochenash (No. 6557) |
| Chicago, Illinois 60606 | **YOUNG CONAWAY STARGATT &** |
| Telephone:  (312) 499-6000 | **TAYLOR, LLP** |
| Facsimile:  (312) 499-6100 | Rodney Square |
| | 1000 North King Street |
| - and - | Wilmington, Delaware 19801 |
| | Telephone:  (302) 571-6600 |
| Todd M. Schwartz (admitted *pro hac vice*) | Facsimile:  (302) 571-1253 |
| **PAUL HASTINGS LLP** | |
| 1117 South California Avenue | |
| Palo Alto, California 94304 | |
| Telephone:  (650) 320-1800 | |
| Facsimile:  (650) 320-1900 | |

*Counsel for the Debtors and Debtors in Possession*

**EXHIBIT 1 TO ASSUMPTION AND ASSIGNMENT NOTICE**

| Counterparty Name | Counterparty Address | Contract/Lease | Cure Amount |
|---|---|---|---|
|  |  |  |  |