# **<u>EXHIBIT A</u>**

**AML GLOBAL ECLIPSE LLC**
c/o iLaw, Temple Chambers, 3-7 Temple Avenue
London, EC4Y 0HP

November 30, 2020

**Sent via Electronic Mail**

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, New Mexico 87106
Attn: Alan Klapmeier, Jim Carroll
Email: alan.klapmeier@oneaviation.aero, jim.carroll@carrollservicesllc.com

Re: Transition Services Agreement

All,

     Reference is hereby made to that certain Asset Purchase Agreement, dated as of October 20, 2020 (as amended, modified, or supplemented in accordance with its terms, the "Purchase Agreement"; capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Purchase Agreement), by and among AML Global Eclipse LLC ("Purchaser"), ONE Aviation Corporation, a Delaware corporation, and certain direct and indirect wholly owned subsidiaries set forth on the signature page hereto under the heading "Debtors", pursuant to which, among other things, the Debtors agreed to sell all of their right, title, and interest in, and Purchaser agreed to purchase all of the Debtor's right, title and interest in, the Purchased Assets.

     Purchaser hereby acknowledges that certain data and information that do not constitute Purchased Assets (including data and information relating to the Debtor's corporate documents, personnel records, the "Kestrel project", and other records or data, in each case to the extent not constituting Purchased Assets, together, the "Debtor Data") are contained on the computer servers of the Debtors. To control confidentiality post-Closing, the parties agree to retain Mike Hinton, who in conjunction with Alfredo Perez who is being retained by Purchaser, would serve as the agreed liaisons between the parties and to act as "gatekeeper" with access to the servers providing data required by the Debtors or Purchaser with respect to the foregoing. Purchaser and Debtor shall jointly hire and pay for Mike Hinton to act as an independent representative of the parties under this letter agreement. Purchaser agrees it will cooperate with the Debtors from and after the Closing to separate the Debtor Data contained on such the computer servers, to not access the Debtor Data and to transfer the Debtor Data to the Debtors or as directed in writing by the Debtors. In the event that Mike Hinton is unable or unwilling to perform this function, the parties will agree on an independent substitute person or entity. In the event that Alfredo Perez is unable or unwilling to perform the function noted above, the parties will agree on a substitute person retained by Purchaser. For the sake of clarity Purchaser will have full and immediate access to all the data on the servers that are not claimed by the Debtor as Debtor Data. The Purchaser shall be entitled to review on a confidential basis an inventory of the data claimed as Debtor Data prior to the transfer of such data to the Debtors or as directed in writing by the Debtors.

Parties agree to indemnify and hold Mike Hinton harmless from any liability arising out of good faith performance of his duties assumed under this agreement as a third-party beneficiary hereof.

Sections 11.5 ("Governing Law"), 11.6 ("Jurisdiction, Waiver of Jury Trial") and 11.7 ("Notices") of the Purchase Agreement shall apply to this letter *mutatis mutandis* as if set forth herein at length.

*[Signature page follows]*

Very truly yours,

**AML GLOBAL ECLIPSE LLC**

By: _____
     Name:   Christopher C. S. Harborne
     Title:    Manager

Agreed

ONE Aviation Corporation

By: _____
     Name:  _____
     Title:

[Signature Page to Letter Agreement]

Very truly yours,

**AML GLOBAL ECLIPSE LLC**

By: _____
    Name:  Christopher C. S. Harborne
    Title:  Manager

Agreed

ONE Aviation Corporation

By: _____
    Name:  Alan Klapmeier
    Title:  CEO