# **EXHIBIT B**

**Fried, Frank, Harris, Shriver & Jacobson LLP**

**FRIED FRANK**

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

Direct Line: +1.212.859.8812
Facsimile:    212-859-4000
Email: gary.kaplan@friedfrank.com

December 2, 2020

**Via Electronic Mail**
**Demand Letter**

ONE Aviation Corporation
3520 Spirit Drive SE
Albuquerque, New Mexico 87106
Attn: Jim Carroll, Jon Hansen, and Alan Klapmeier
Email: jim.carroll@carrollservicesllc.com, jondhansen@comcast.net, and alan.klapmeier@oneaviation.aero

Paul Hastings LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Attn: Chris L. Dickerson, Esq.
chrisdickerson@paulhastings.com
Brendan M. Gage, Esq.
brendangage@paulhastings.com and Nathan S. Gimpel, Esq. nathangimpel@paulhastings.com

Paul Hastings LLP
1117 South California Avenue
Palo Alto, California 94304
Attn: Todd M. Schwartz, Esq.
toddschwartz@paulhastings.com

Re:   *Order (I) Approving Purchase Agreement, (II) Authorizing Sale Free and Clear of All Claims, Liens, Encumbrances, and other Interests, and (III) Granting Related Relief* [D.I. 1063] (the "Sale Order")

Gentlemen:

  We write on behalf of our client, AML Global Eclipse LLC and its affiliates ("AML"), to demand the return of four filing cabinets that, upon information and belief, contain certain Documents relating to the Eclipse Project, including copies of contracts, employee personnel and human resources files, and financial documents (collectively, the "Removed Files"), that were removed from ONE Aviation Corporation's ("One Aviation" or the "Debtors") headquarters in Albuquerque ("HQ") prior to the closing of that certain Asset Purchase Agreement, dated October 20, 2020, between the Debtors and AML (the "Purchase Agreement"). Upon

**New York • Washington • London • Frankfurt**
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

**Fried, Frank, Harris, Shriver & Jacobson LLP**

information and belief, the Removed Files were removed at the direction of Jon Hansen, who acted at the direction of a more senior executive of One Aviation.

As described below, removal of the Removed Files was a violation of the express terms of the Purchase Agreement, the Sale Order, and applicable law.[1] We are writing to you because we attempted to resolve this issue with Jeffrey Hesson but he advised that he is ceasing to represent the Debtors in connection with these matters.

As an initial matter, the removal of the Removed Files from HQ prior to Closing violated Section 8.1(c) of the Purchase Agreement, which prohibited One Aviation from removing or permitting, "to be removed from any building, facility, or real property any asset …." We are particularly troubled by the removal of the Removed Files in light of the fact that, despite AML having the right to inspect all Documents related to the Eclipse Project, including employee personnel records, One Aviation representatives continuously and consistently deliberately prevented and obstructed AML and its representatives from reviewing those materials.

To the extent the Removed Files consist of Documents related to the Eclipse Project, including employee personnel records of former One Aviation employees whose employment related to the Eclipse Project ("Eclipse Removed Files"), such Eclipse Removed Files constitute Purchased Assets under section 2.1(l) of the Purchase Agreement. The Sale Order is unequivocal in requiring that "[a]ll entities that are presently, or on the Closing may be, in possession of some or all of the Purchased Assets to be sold, transferred, or conveyed (wherever located) to the Buyer pursuant to this Sale Order and the Purchase Agreement are hereby directed to surrender possession of the Purchased Assets to the Buyer on the Closing Date." (Sale Order, para. 13). Accordingly, to the extent that One Aviation or any of its representatives has possession of the filing cabinets or their contents in their possession, they must be turned over to AML immediately. Moreover, any representatives of One Aviation who have knowledge of where those filing cabinets or any of their contents may now be located must immediately provide that information to AML and assist AML in retrieving them.

If there is information contained in the Removed Files that One Aviation believes they are prohibited by law from sharing with AML, AML is willing to agree on an arrangement to alleviate those concerns. In that regard, AML proposes that One Aviation permit AML representatives to review any Removed Files under the supervision of a One Aviation representative to determine whether such files may be shared with AML and/or whether AML must obtain an third party consents to receive such information.

It is imperative that AML and its representatives obtain the Eclipse Removed Files as soon as practicable to facilitate the smooth transition of employees and operations under AML. Accordingly, kindly provide a response to this letter no later than Wednesday, December 2rd at 5:00 p.m. EST. <u>Absent a satisfactory resolution of this matter, AML intends to hold personally</u>

---

[1] Capitalized terms used in this letter but not otherwise defined shall have the meaning ascribed to them in the Purchase Agreement or Sale Order, as applicable.

**Fried, Frank, Harris, Shriver & Jacobson LLP**

<u>responsible those representatives of One Aviation responsible for directing and authorizing the removal from the HQ of the Removed Files.</u>

AML expressly reserves all of its rights, powers and remedies provided for at law or in equity, whether now or hereafter existing.

Sincerely,

Gary L. Kaplan