# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
ONE AVIATION CORPORATION, et al.,¹      :   Case No. 18-12309 (CSS)
                                        :
            Debtors.                    :   Jointly Administered
                                        :
                                        :
-------------------------------------------------------------x
```

**CERTIFICATION OF COMPLIANCE WITH LOCAL**
**RULE 7026-1 IN CONNECTION WITH MOTION OF**
**AML GLOBAL ECLIPSE LLC FOR PROTECTIVE ORDER PURSUANT TO**
**BANKRUPTCY RULES 7026, 7034 AND 9014 AND RULES 26 AND 34 OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE AND TO QUASH THE SUBPOENAS**
**SERVED UPON AML GLOBAL ECLIPSE LLC AND ITS AFFILIATES**

I, Gary L. Kaplan, hereby certify as follows:

1.      I submit this certification as counsel to AML Global Eclipse LLC ("AML") in

accordance with Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") in connection with the AML's motion (the "Motion")

pursuant to rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure and rules

26 and 34 of the Federal Rules of Civil Procedure seeking entry of a protective order relieving

AML from appearing at the deposition of AML noticed (the "Deposition Notice") by Citiking

International US LLC ("Citiking") and from responding and objecting to the document requests

---

¹       The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification
number, as applicable, are:  ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft
Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703);
Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053);
Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company
(9439); and OAC Management, Inc. (9986).  The debtors' corporate headquarters is located at 3520 Spirit
Drive SE, Albuquerque, NM 87106.

(the "Document Requests") issued by Citiking to AML, and (ii) quashing the subpoenas served on AML by Citiking on February 1, 2021 (the "Citiking Subpoenas").

2.      Prior to the filing of the Motion, I conferred with counsel for Citiking as to whether Citiking would agree to voluntarily withdraw their Deposition Notice and Document Requests, and made reasonable efforts to explain to Citiking's counsel that the information and documents sought by the Deposition Notice and the Document Requests is irrelevant to the *Renewed Motion of the Official Committee of Unsecured Creditors to Convert Debtors' Cases to Chapter 7* (the "Motion to Convert") [D.I. 1086], particularly considering AML is not the moving party and discovery is unrelated to any pending contested matter. Citiking refused to withdraw the Deposition Notice and Document Requests and insisted that AML seek to quash the Citiking Subpoenas or it would be deemed to waive all objections to the Citiking Subpoenas. Because the parties fundamentally disagree on the propriety of the Citiking's discovery requests, further discussion to try to resolve the matter would have been pointless. Accordingly, in order to preserve AML's right to object to the Citiking Subpoenas, out of an abundance of caution, AML was left with no choice but to file the Motion.


Dated: February 5, 2021
       New York, NY


                                    By:  _____
                                         Gary L. Kaplan

# EXHIBIT 1

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

### District of  Delaware

In re ONE AVIATION CORPORATION, et al.,

<table>
<tr><td style="text-align:center">Debtor</td><td></td></tr>
</table>

Case No. 18-12309 (CSS)

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Chapter 11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   AML GLOBAL ECLIPSE LLC
_____

*(Name of person to whom the subpoena is directed)*

[x] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Appendix A.

| PLACE | DATE AND TIME |
|---|---|
| Transmit Electronic Copies to Zhao Liu (liu@teamrosner.com) | February 4, 2021 at 9:00 a.m. EST |

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  1/28/2021

CLERK OF COURT

OR

_____        /s/ Frederick B. Rosner

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Citiking International US, LLC who issues or requests this subpoena, are:

Frederick B. Rosner  824 Market Street, Suite 810, Wilmington, DE 19801, Telephone: (302) 777-1111, rosner@teamrosner.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

### PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A TO SUBPOENA

### DEFINITIONS

For purposes of this Subpoena, unless the context clearly indicates otherwise, the following definitions apply to the terms and phrases specified and such terms and phrases shall apply regardless of the font used:

1.      "**All**" and "**each**" means "all and each."

2.      "**AML**" shall mean AML Global Eclipse LLC and/or its affiliates.

3.      "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document request all responses that might otherwise be construed to be outside of its scope.

4.      "**Any**" means "any and all" where the effect of such construction is to broaden the scope of the topic in question.

5.      "**APA**" shall mean the Asset Purchase Agreement by and among AML Global Eclipse LLC, as Purchaser, One Aviation Corporation and Certain Subsidiaries of One Aviation Corporation Named Herein, as the Sellers, dated October 20, 2020.

6.      "**Cash**" means assets that are in currency or coin form, including any funds that are credited to any deposit account.

7.      "**Company**" means One Aviation Corporation and its subsidiaries.

8.      "**Confirmation Order**" means the September 18, 2019 Order (A) Approving The Adequacy Of The Debtors Disclosure Statement And (B) Confirming The Second Amended Joint Prepackaged Chapter 11 Plan Of Reorganization (As Modified) Of One Aviation Corporation And Its Debtor Affiliate, filed as Docket Entry No. 707 in the above captioned case.

9.     "**Debtor(s)**" means the Debtor entities identified on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/case/oneaviation/info.

10.     "**Debtors' Accounts**" means any checking accounts, deposit accounts, brokerage accounts, investment accounts, securities accounts, money market accounts, and savings accounts, maintained or held by or for the benefit of the Debtors.

11.     "**DIP Agreement**" means the October 9, 2018 Senior Secured Superpriority Debtor in Possession Credit and Security Agreement by and among Eclipse Aerospace, Inc,, Brigadoon Aircraft Maintenance, LLC, as Borrowers and Citiking International US, LLC as Lender, filed as Docket Entry No. 208-1 in the above captioned case.

12.     "**DIP Order**" means the Court's November 27, 2018 Order (I) Authorizing Debtor Borrowers to (A) Obtain Post-Petition Financing (B) Grant Senior Liens and Superpriority Administrative Expense Status, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; and (III) Granting Related Relief, filed as Docket Entry No. 208 in the above captioned case.

13.     "**Document(s)**" means every original (any copy of any original and any copy which differs in any way from any original, e.g., because handwritten or "blind" notes appear thereon or are attached thereto) of every writing and recording, computerized records, digital or electronically stored data, emails, photographs, or other memorialization, of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, e-mails, communications of any nature, telegrams, memoranda, advertisements, books, records, analyses, notebooks, blueprints, maps, surveys, graphs, charts, plans, summaries or records or transcriptions of personal conversations or

statements however made, business forms, labels, appointment books, diaries, routing slips, reports, publications, photographs, films, minutes and other formal or informal memoranda of meetings, transcripts or oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts, including all modifications and/or revisions thereof, papers and forms filed with courts or other governmental bodies, notices, messages, calendar entries, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records and dictation belts to which you or your company now has or has had access to in the past.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this Definition.

14.    "**DW**" means DWC Pine Investment I, Ltd and its affiliates.

15.    "**Including**" shall not be construed to limit the scope of any document request.

16.    "**Insolvent**" shall mean the Debtors' financial condition such that the sum of its debts is greater than all of its property, at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud its creditors; and (ii) property that may be exempted from property of the bankruptcy estate under section 522 of the Bankruptcy Code.

17.    "**Plan**" shall mean the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization (As Modified) For One Aviation Corporation and Its Debtor Affiliates, dated September 17, 2019, filed as Docket Entry No. 707-1 in the above captioned case.

18.     "**Proceedings**" shall mean these Chapter 11 cases initiated by the Debtors on the Petition Date.

19.     As used herein, "**relate**" or "**relating to**" when used with respect to a document, agreement, subject or fact, means anything that reflects on, embodies, responds to, is connected with, commenting on, about, discussing, contains, evidences, identifies, states, pertains to, regarding, discussing, summarizing, showing, describing, analyzing, constituting, reciting, recording, supporting, or refers to, details or comments upon such matter.

20.     "**Sale Motion**" shall mean the Debtors' Motion for Entry of Order (I) Approving Purchase Agreement, (II) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief dated October 20, 2020, filed as Docket Entry No. 969 in the above captioned case.

21.     "**Senior DIP Agreement**" shall mean the Senior DIP Loan Term Sheet dated August 28, 2020, filed as Docket Entry No. 911-1 in the above captioned case.

22.     "**September 4, 2020 Interim A&R Order**" means the Court's September 4, 2020 Interim Order Amending And Restating Final Order (I) Authorizing Debtor Borrowers To (A) Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1) And 364(E), (B) Grant Senior Liens And  Superpriority Administrative Expense Status, And (C) Utilize Cash Collateral Pursuant To 11 U.S.C. § 363; (II) Granting Adequate Protection To Prepetition Secured Parties Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (III) Scheduling A Final Hearing; And (IV) Granting Related Relief, filed as Docket Entry No. 911 in the above captioned case.

## INSTRUCTIONS

1.     These requests shall be deemed to include any Document now or at any time in the

Debtors' possession, custody, or control, including but not limited to any of its respective employees, agents, attorneys, advisors or other person(s) acting or purporting to act on its behalf.

2.      Each request for the production of Documents shall be deemed to be continuing in nature. If at any time additional, responsive Documents come into the Debtors' possession, custody or control, then the responses to these requests shall be promptly supplemented.

3.      Documents shall be produced in the manner in which they are maintained in the ordinary course of business or shall be organized and labeled to correspond with the categories in this request.

4.      Any Document or portion of any Document withheld from production based on a claim of privilege shall be identified by a list detailing (1) the type(s) of Documents withheld, (2) the general subject matter of such Document(s), (3) the basis of withholding the Document(s), and (4) the number of Documents withheld under each basis. Notwithstanding the assertion of any objection, any requested Document that contains non-objectionable information responsive to this request should be produced, but that portion of the Document for which the objection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

5.      Objections to any part of these requests shall be stated in full.

6.      Each request for Documents seeks production of the Document in its entirety, without abbreviation, modification, or redaction, including but not limited to, all attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed hereto.

7.      A request for Documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments

thereto, and non-identical copies thereof, in addition to the Document itself.

8.      Any Document that cannot be produced in full shall be produced to the fullest extent possible.

9.      Whenever necessary to bring within the scope of a request Documents that might otherwise be construed to be outside its scope:

       (a)  the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

       (b)  the use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa.

10.     Each paragraph, subparagraph, clause and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications by and among the Debtors, AML and/or DW concerning the private sale of DW's secured claims to AML including, but not limited to, any agreements reached, the reasons for the sale, and any communications regarding the sale.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications by and among the Debtors, AML and/or DW concerning credit bidding in connection with the Sale.

**EXHIBIT 2**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re ONE AVIATION CORPORATION, et al.,

               Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 18-12309 (CSS)

_____
            Plaintiff

v.

Chapter 11

_____
            Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    AML Global Eclipse LLC
                *(Name of person to whom the subpoena is directed)*

[x]  *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | Deposition to be hosted remotely by videoconference by Veritext Legal Solutions 1250 I St., NW, Washington, DC 20005 | DATE AND TIME February 4, 2021 at 9:00 am EST |
|---|---|---|

The deposition will be recorded by this method:
    Stenographic

[ ]  *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  1/28/2021

            CLERK OF COURT

                       OR

_____     */s/ Frederick B. Rosner*
  *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Citiking International US, LLC who issues or requests this subpoena, are:

Frederick B. Rosner 824 Market Street, Suite 810, Wilmington, DE 19801, Telephone: (302) 777-1111, rosner@teamrosner.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A TO SUBPOENA

### DEFINITIONS

For purposes of this Subpoena, unless the context clearly indicates otherwise, the following definitions apply to the terms and phrases specified and such terms and phrases shall apply regardless of the font used:

1.     "**All**" and "**each**" means "all and each."

2.     "**AML**" shall mean AML Global Eclipse LLC and/or its affiliates.

3.     "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document request all responses that might otherwise be construed to be outside of its scope.

4.     "**Any**" means "any and all" where the effect of such construction is to broaden the scope of the topic in question.

5.     "**APA**" shall mean the Asset Purchase Agreement by and among AML Global Eclipse LLC, as Purchaser, One Aviation Corporation and Certain Subsidiaries of One Aviation Corporation Named Herein, as the Sellers, dated October 20, 2020.

6.     "**Cash**" means assets that are in currency or coin form, including any funds that are credited to any deposit account.

7.     "**Company**" means One Aviation Corporation and its Subsidiaries.

8.     "**Confirmation Order**" means the September 18, 2019 Order (A) Approving The Adequacy Of The Debtors Disclosure Statement And (B) Confirming The Second Amended Joint Prepackaged Chapter 11 Plan Of Reorganization (As Modified) Of One Aviation Corporation And Its Debtor Affiliate, filed as Docket Entry No. 707 in the above captioned case.

9.      "**Debtor(s)**" means the Debtor entities identified on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/case/oneaviation/info.

10.     "**Debtors' Accounts**" means any checking accounts, deposit accounts, brokerage accounts, investment accounts, securities accounts, money market accounts, and savings accounts, maintained or held by or for the benefit of the Debtors.

11.     "**DIP Agreement**" means the October 9, 2018 Senior Secured Superpriority Debtor in Possession Credit and Security Agreement by and among Eclipse Aerospace, Inc,, Brigadoon Aircraft Maintenance, LLC, as Borrowers and Citiking International US, LLC as Lender, filed as Docket Entry No. 208-1 in the above captioned case.

12.     "**DIP Order**" means the Court's November 27, 2018 Order (I) Authorizing Debtor Borrowers to (A) Obtain Post-Petition Financing (B) Grant Senior Liens and Superpriority Administrative Expense Status, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; and (III) Granting Related Relief, filed as Docket Entry No. 208 in the above captioned case.

13.     "**Document(s)**" means every original (any copy of any original and any copy which differs in any way from any original, e.g., because handwritten or "blind" notes appear thereon or are attached thereto) of every writing and recording, computerized records, digital or electronically stored data, emails, photographs, or other memorialization, of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, e-mails, communications of any nature, telegrams, memoranda, advertisements, books, records, analyses, notebooks, blueprints, maps, surveys, graphs, charts, plans, summaries or records or transcriptions of personal conversations or

statements however made, business forms, labels, appointment books, diaries, routing slips, reports, publications, photographs, films, minutes and other formal or informal memoranda of meetings, transcripts or oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts, including all modifications and/or revisions thereof, papers and forms filed with courts or other governmental bodies, notices, messages, calendar entries, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records and dictation belts to which you or your company now has or has had access to in the past.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this Definition.

14.     "**DW**" means DWC Pine Investment I, Ltd.

15.     "**Including**" shall not be construed to limit the scope of any document request.

16.     "**Insolvent**" shall mean the Debtors' financial condition such that the sum of its debts is greater than all of its property, at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud its creditors; and (ii) property that may be exempted from property of the bankruptcy estate under section 522 of the Bankruptcy Code.

17.     "**Plan**" shall mean the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization (As Modified) For One Aviation Corporation and Its Debtor Affiliates, dated September 17, 2019, filed as Docket Entry No. 707-1 in the above captioned case.

18.    "**Proceedings**" shall mean these Chapter 11 cases initiated by the Debtors on the Petition Date.

19.    As used herein, "**relate**" or "**relating to**" when used with respect to a document, agreement, subject or fact, means anything that reflects on, embodies, responds to, is connected with, commenting on, about, discussing, contains, evidences, identifies, states, pertains to, regarding, discussing, summarizing, showing, describing, analyzing, constituting, reciting, recording, supporting, or refers to, details or comments upon such matter.

20.    "**Sale Motion**" shall mean the Debtors' Motion for Entry of Order (I) Approving Purchase Agreement, (II) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief dated October 20, 2020, filed as Docket Entry No. 969 in the above captioned case.

21.    "**Senior DIP Agreement**" shall mean the Senior DIP Loan Term Sheet dated August 28, 2020, filed as Docket Entry No. 911-1 in the above captioned case.

22.    "**September 4, 2020 Interim A&R Order**" means the Court's September 4, 2020 Interim Order Amending And Restating Final Order (I) Authorizing Debtor Borrowers To (A) Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1) And 364(E), (B) Grant Senior Liens And  Superpriority Administrative Expense Status, And (C) Utilize Cash Collateral Pursuant To 11 U.S.C. § 363; (II) Granting Adequate Protection To Prepetition Secured Parties Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364; (III) Scheduling A Final Hearing; And (IV) Granting Related Relief, filed as Docket Entry No. 911 in the above captioned case.

## SUBJECTS OF TESTIMONY

1.      The private sale of DW's secured claims to AML including, but not limited to, any

agreements reached, the reasons for the sale, and any communications regarding the sale.

2.      All communications by and among the Debtors, AML and/or DW concerning credit

bidding in connection with the Sale.