# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONE AVIATION CORPORATION, et al.,¹<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12309 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 1086, 1094, 1096, 1105, 1106, 1107, 1133, 1135 & 1136 |

## ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

This matter coming before the Court upon the renewed motion [Docket No. 1086] (the "Motion")² of the Official Committee of Unsecured Creditors (the "Committee"), appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to section 1112(b) of the Bankruptcy Code, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, and the Court having reviewed and considered the Motion, the Reply, and any opposition thereto and support thereof; and the Court having found that it has jurisdiction over this matter pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the *Interim Order Amending and Restating Final Order (I) Authorizing Debtor Borrowers to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e), (B) Grant Senior Liens and Superpriority Administrative Expense Status, and (C) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 911] or in the *Debtors': (I) Status Update in Connection with January 27, 2021 Hearing; and (II) Reply to the Renewed Motion of the Official Committee of Unsecured Creditors to Convert Debtors' Cases to Chapter 7 and Reservation of Rights* [Docket No. 1096] (the "Reply"), as applicable.

to 28 U.S.C. §§ 157 and 1334, the DIP Orders, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and the Court having found that appropriate notice of the Motion and Reply and the opportunity for a hearing on the Motion was provided under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and Reply, and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and the Reply at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.  The Motion is GRANTED, pursuant to sections 105, 363, 507, and 1112 of the Bankruptcy Code, Bankruptcy Rules 1017 and 1019, and the DIP Orders, as set forth herein. Any responses and objections to the Motion and Reply not heretofore withdrawn or resolved by this Order are overruled in all respects.

2.  The Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code pursuant to section 1112 of the Bankruptcy Code effective immediately upon entry of this Order (the "Conversion Date").

3.  The Debtors shall:

(a) within seven (7) days of the Conversion Date, turn over to the Chapter 7 Trustee, all records and property of the estate under their possession or control as required by Bankruptcy Rule 1019(4) as well as the "Removed Files" as such term is defined under that certain *Order Directing the Preservation of Assets* entered by the Court on January 28, 2021 [Docket No. 1100];

(b) within fourteen (14) days of the Conversion Date, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts[3] incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt; and

(c) within thirty (30) days of the Conversion Date, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee.

4. Within fourteen (14) days of the Conversion Date and in accordance with Local Rule 2002-1(f)(x), the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq") shall: (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii) docket a final claims register in the Chapter 11 Cases; and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, PA 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

5. Professionals subject to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 169] (the "Compensation Procedures Order") shall file final fee statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with the Compensation Procedures Order (collectively, the "Final Fee Applications") on or before the date that is twenty

---

[3] This schedule shall exclude claims assumed or otherwise satisfied pursuant to the AML Sale Order and the NHG Sale Order.

(20) days after the entry of this Order (the "<u>Final Fee Application Deadline</u>") or be forever barred from receiving any such compensation. Objections, if any, to the Final Fee Applications shall be filed and served by no later than twenty-eight (28) days after the Final Fee Application Deadline (the "<u>Objection Deadline</u>"). The Court will schedule a hearing at the Court's convenience and subject to the Court's availability, on such Final Fee Applications within fourteen (14) days after the Objection Deadline or such later date as the Court determines (the "<u>Final Hearing</u>"). To the extent no objections are filed to a given professional's Final Fee Application, such professional may file a *Certificate of No Objection*, and the Court may, in its sole discretion, enter an order approving such fees.

6. Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Sale Orders, or the rights and remedies in connection with such orders and documents, which rights and remedies shall be preserved in their entirety

7. Pursuant to Local Rule 2002-1(b), the Court grants the Committee's waiver request for service of the Motion on the entire creditor matrix and finds that the service provided was adequate under the circumstances.

8. On the Conversion Date, the Committee shall be immediately dissolved, and all professionals retained by the Committee shall be immediately discharged, with no further action required by the Committee.

9. Notwithstanding the potential application of Bankruptcy Rule 6004 or of any other Bankruptcy Rule, the Local Rules, or the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

10. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 18th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**